■ JOSEPH A. DiBRUNO, Appellant-Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, and WILLIAM SCHERMER et al., Intervenors-Respondents-Appellants. [617 NYS2d 371] —In an action to recover possession of original works of art held by the Attorney-Gen-

eral of the State of New York, (1) the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), dated October 28, 1992, which is in favor of the defendant and against him dismissing the complaint, and (2) the defendants-intervenors cross-appeal, as limited by their brief, from so much of the order and judgment as is in favor of the defendant and against them dismissing their cross claims.

Ordered that the appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order and judgment is affirmed insofar as cross appealed from, without costs or disbursements.

James Paul Delaney had an extensive art collection which included: (1) an unframed oil painting on wood panel 12½ inches × 16½ inches entitled "Wife In Wedding Costume" attributed to Pieter Brueghel, The Elder; (2) a 28 inches high Italian Chestnut Wood Carving entitled "Madonna" attributed to Leonardo Da Vinci; (3) a framed oil painting on canvas 23 inches × 16 inches entitled "Mater Dolorosa" attributed to Tiziano (Titian) Vecellio; and (4) a "cradled" wooden panel painting 47 inches × 22¼ inches by Lucas Van Leyden, entitled "Trial of Christ Before Pontius Pilate". Due to unrelated criminal proceedings, in 1983 the Attorney-General of the State of New York seized the art works. All criminal charges were subsequently dismissed. In 1985, Delaney committed suicide.

After Delaney's death, the defendants-intervenors alleged that they had title to the four works of art. At a bench trial they presented four bills of sale, each dated July 3, 1984, which indicated that James Paul Delaney transferred each of the works to the defendants for "good and valuable consideration" of $10.00. The defendants-intervenors testified that they were involved in a multi-million dollar real estate deal with Delaney which was never consummated. According to the defendant-intervenor Schermer, Delaney transferred the four art works to the defendants-intervenors in consideration of the time and money they had expended in connection with the real estate deal and money that Schermer had given Delaney when he was in financial trouble. Notably, the defendants-intervenors failed to present documentary evidence as to their alleged real estate transaction with Delaney, the money they

allegedly spent in furtherance of this transaction, or the money Schermer allegedly gave to Delaney.

The Supreme Court dismissed the defendants-intervenors' cross claims on the merits, stating in its decision: "This Court discredits defendants-intervenors Anderson and Schermer's testimony. The Court rejects the documentary proofs produced at trial and finds same to be specious."

The defendants-intervenors contend that the Supreme Court erred in discrediting and rejecting their testimony and rejecting, as "specious", the bills of sale transferring title to them.

On appeal from a judgment entered after a nonjury trial, this Court's scope of review is as broad as that of the Trial Judge *(see, Majauskas v Majauskas,* 61 NY2d 481, 493-494; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Stempel v Rosen,* 140 AD2d 326). In reviewing a bench trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499, *supra).*

We find no reason to disturb the findings of the Supreme Court *(see, Majauskas v Majauskas, supra; Northern Westchester Professional Park Assocs. v Town of Bedford, supra; Matter of Gilzinger v Stern,* 186 AD2d 652; *Benedict v Seasille Equities Corp.,* 190 AD2d 649). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.