■ NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., Appellant, v COUNTY OF ERIE, Respondent. [623 NYS2d 33] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, Niagara Frontier Transit Metro System, Inc. (Metro), is entitled to summary judgment on its causes of action for breach of contract. Where the contract is unambiguous on its face, it should be construed as a matter of law and summary judgment is appropriate (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162; Smith v Estate of LaTray, 161 AD2d 1178). We conclude that the contract language is clear and unambiguous and that there is no reasonable interpretation of the contract other than that the responsibility of the County of Erie (County) to provide funds pursuant to the contract is "in addition to" its obligation pursuant to Transportation Law § 18-b.

Supreme Court erred by refusing to consider, on Metro's motion for summary judgment, the financial statement of the Niagara Frontier Transportation Authority (NFTA), of which

Metro is a subsidiary. The financial statement, introduced through the affidavit of Metro's chief financial officer, is a business record (CPLR 4518 [a]) and so clearly so that it can be deemed self-authenticating (see, People v Kennedy, 68 NY2d 569, 577, n 4; Elkaim v Elkaim, 176 AD2d 116, 117, appeal dismissed 78 NY2d 1072; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4518:2, at 108). Moreover, defendant did not object to the court's consideration of the financial statement, but likewise relied upon it in support of its argument that Metro had an operating surplus in the 1992 fiscal year. We agree with the court's conclusions, however, that paragraph 22 of the parties' contract is ambiguous and that factual issues exist whether Metro had an operating surplus. Consequently, the court properly denied that part of Metro's motion seeking judgment on defendant's counterclaims.

We see no reason to stay execution of partial summary judgment until the resolution of defendant's counterclaims; defendant failed to identify any prejudice that would result if plaintiff is allowed to enforce its partial summary judgment (see, Stigwood Org. v Devon Co., 44 NY2d 922). (Appeal from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.