■ In the Matter of the Estate of SALVATORE INGARGIOLA, Deceased. ANGELO INGARGIOLA, Appellant; FRANCESCA INGARGIOLA, Respondent. [623 NYS2d 284] —In a proceeding, *inter alia,* to determine the ownership of three parcels of real property, Angelo Ingargiola appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated September 10, 1992, which, after a nonjury trial, determined that the three parcels were owned as tenancies in common.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The appellant, Angelo Ingargiola, and his two brothers, Salvatore and Peter Ingargiola, formed a partnership called Ingar Brothers to repair and resell dinette furniture. They purchased three parcels of real property in the individual names of Angelo, Peter, and Salvatore Ingargiola. In 1980, Peter sold his interest in two of the parcels to Salvatore and Angelo. Salvatore died in 1982, and his wife commenced this

proceeding, contending that the parcels were owned by the brothers as tenants in common.

On appeal from a judgment entered after a nonjury trial, this Court's scope of review is as broad as that of the trial court *(see, DiBruno v Abrams,* 208 AD2d 672). This Court " 'may render the judgment it finds warranted by the facts, taking into account in a close case, "the fact that the trial judge had the advantage of seeing the witnesses" ' " *(DiBruno v Abrams, supra,* at 674, quoting *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499). However, a rule of restraint has arisen to the effect that the decision of the trial court should not be disturbed on appeal unless its conclusions could not have been reached based upon any fair interpretation of the evidence *(see, Matter of Poggemeyer,* 87 AD2d 822, 823; *cf., Nicastro v Park,* 113 AD2d 129).

Assuming that the appellant is correct in his contention that the Surrogate's Court erred by precluding him, pursuant to CPLR 4519 (the so-called Dead Man's Statute), from testifying that the three parcels were purchased and owned by the partnership, any such error is harmless. Both the appellant's brother, Peter Ingargiola, and the attorney for the partnership testified that the partnership owned the three parcels and had provided the funds that were used for their purchase. However, there was no documentary proof presented at trial demonstrating the source of the funds that had been used to purchase the three parcels, and the deeds were executed in the individual names of Angelo, Peter, and Salvatore Ingargiola. Thus, the conclusion of the Surrogate's Court that the parecels were owned as tenancies in common is based upon a fair interpretation of the evidence. Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.