■ In the Matter of the Estate of THOMAS V. CLINES, Deceased. PIERCE V. BRENNAN, as Executor, Appellant; MARY ANNE SKRIVANEK, Respondent. [641 NYS2d 277] —Order and decree, Surrogate's Court, Queens County (Robert Nahman, S.), entered on or about March 16, 1995, which, *inter alia*, denied the petitioner's motion to vacate and reverse the report of Special Referee Joseph A. Moore, Esq. dated January 9, 1995 and dismissed the petition, unanimously reversed and vacated, on the law and the facts, without costs, and the matter is remanded with the direction that the assets in question and/or any proceeds obtained from the sale and/or other conversion thereof be identified, accounted for, returned to the estate and distributed pursuant to the bequests contained in the decedent's last will and testament executed November 9, 1984.

In this proceeding pursuant to SCPA 2103 petitioner, the attorney and executor of the estate of Thomas V. Clines, seeks to recover estate assets worth approximately $250,000, which are acknowledged to be in the possession of respondent Mary Anne Skrivanek, decedent's niece. The parties do not dispute that respondent obtained control over the assets in question in April of 1986. Respondent maintains that the property was given to her by the decedent as a gift in April of 1986, two years before his death on April 16, 1988. Petitioner contends that the decedent lacked the mental capacity to make such a gift, and/or was subjected to undue influence or defrauded into transferring the property to the respondent.

It is well settled that, upon an appeal from a judgment, order or decree entered after a nonjury trial, this Court may render the judgment it finds warranted by the facts, if we find that the conclusions reached by the trial court could not have been reached based upon any fair interpretation of the evi-

dence (*Matter of Ingargiola*, 212 AD2d 789, 790; *see, Matter of Poggemeyer*, 87 AD2d 822, 823). Upon our review of the evidence presented to the Special Referee in this matter, we find that there is no fair interpretation of the evidence that would support his finding that the respondent obtained possession of the property in question by way of a valid inter vivos gift made understandingly by the decedent.

In an action to recover property transferred as a gift the donee bears the burden of proving by clear and convincing evidence that the gift was voluntary and understandingly made by the donor, uninfluenced by fraud, duress or coercion (*Matter of Gordon v Bialystoker Ctr.*, 45 NY2d 692, 695-696). The evidence presented by the petitioner regarding decedent's lack of capacity consisted, *inter alia*, of medical testimony by two physicians, one of whom was the decedent's neighbor, who had known the decedent for many years and began treating him in 1982, and the other was the decedent's treating psychiatrist upon his admission to the hospital in June of 1986. The expert testimony and hospital records established that the decedent was not competent at the time the alleged gift was made in the Spring of 1986 and was in fact diagnosed with Organic Brain Syndrome while in the hospital in June of 1986. In addition, petitioner presented testimony from the decedent's nephew which established that he was concerned that decedent's mental capacity was severely declining in the months prior to March of 1986. The only evidence offered by the respondent was the testimony of her sister, Eileen Dilworth, whose subjective opinions were insufficient even to raise a triable issue with respect to the medical testimony, which we find conclusively established that the decedent lacked the mental capacity to voluntarily and understandingly make a gift of the bulk of his estate (*see, Spallina v Giannoccaro*, 98 AD2d 103, 106-107).

In addition to the failure to rebut the medical testimony offered by the petitioner, conspicuously absent from the respondent's presentation at the hearing is any documentary evidence supporting the legitimacy of the transfer of the bulk of the decedent's estate, such as a gift tax return. The respondent sought herein to portray herself as the decedent's caretaker and/or fiduciary. Given the evidence of the decedent's lack of capacity and the lack of evidence to rebut the presumption of fraud or undue influence that arises where a fiduciary receives, as a gift, the vast bulk of the estate of the aged or infirm person under their care (*Matter of Gordon v Bialystoker Ctr.*, *supra*, at 698; *see, Spatz v Bajramoski*, 214 AD2d 436, 436-437), the Special Referee should not have found respondent properly in

possession of the assets in question and should have ordered the return of the assets to the estate and their distribution in accordance with the properly propounded last will and testament of the decedent. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.