■ SCHINDLER ELEVATOR CORPORATION, Respondent, v EKLECCO, Appellant. [755 NYS2d 301] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated August 23, 2001, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $150,000.

Ordered that the judgment is affirmed, with costs.

While an appellate court's authority in reviewing a nonjury trial decision is as broad as that of the trial court, due deference is given to the trial court's determination (*see Mechwart v Mechwart,* 292 AD2d 354 [2002], *lv denied* 99 NY2d 502 [2002]; *see also Matter of Ingargiola,* 212 AD2d 789, 790 [1995]; *Barclays Bank of N.Y. v Heady Elec. Co.,* 212 AD2d 749 [1995], *lv denied in part* 87 NY2d 1008 [1996], *cert denied* 519 US 1110 [1997]; *DiBruno v Abrams,* 208 AD2d 672, 674 [1994]). The determination of a trial court should not be disturbed on appeal unless its conclusions could not have been reached based upon any fair interpretation of the evidence (*see Mechwart v Mechwart, supra*; *Barclays Bank of N.Y. v Heady Elec. Co., supra*; *Matter of Poggemeyer,* 87 AD2d 822, 823 [1982]).

Contrary to the defendant's contention, the trial court properly admitted extrinsic evidence notwithstanding the existence of an integration clause in the parties' contract, since the contract was ambiguous as to whether the defendant had awarded a five-year maintenance contract to the plaintiff in addition to an escalator installation contract (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Cessna Aircraft Co. v State of New York,* 231 AD2d 667, 668 [1996]; *Telemundo Group v Alden Press,* 181 AD2d 453, 455 [1992]; *Word Mgt. Corp. v AT&T Info. Sys.,* 135 AD2d 317, 319 [1988]). Based upon the record, the trial court properly determined that a five-year maintenance contract had been awarded to the plaintiff. Moreover, ambiguity in a contract, if any, should be construed against the drafter, which in this case was the defendant (*see Custom Weld Indus. v Chabina Co.,* 272 AD2d 364, 365 [2000]; *Sievert v Morlef Holding Co.,* 241 AD2d 445, 446 [1997]). The determination is supported by a fair interpretation of the evidence.

The defendant's remaining contention is without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.