■ Arturo Manzo et al., Respondents, v Nadine Gross, Appellant, et al., Defendant. [796 NYS2d 702]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Nadine Gross appeals, by permission, from an order of the Supreme Court, Nassau County (Covello, J.), dated June 2, 2004, which, after a nonjury trial, awarded the plaintiffs specific performance of the contract.

Ordered that the order is affirmed, with costs.

While an appellate court's authority in reviewing a determination made after a nonjury trial is as broad as that of the trial court, due deference is given to the trial court's determination (*see Chambers v McIntyre*, 5 AD3d 344 [2004]; *Schindler El. Corp. v Eklecco*, 302 AD2d 584 [2003]; *Mechwart v Mechwart*, 292 AD2d 354 [2002]). Thus, the trial court's determination should not be disturbed on appeal unless it is unsupported by legally sufficient evidence, or clearly could not have been reached under any fair interpretation of the evidence (*see Street Beat Sportswear v Waterfront Realty Co.*, 6 AD3d 693 [2004]; *Chambers v McIntyre, supra; Buoninfante v Legacy Dev. USA Corp.*, 306 AD2d 511 [2003]). Here, the evidence supports the trial court's findings that the plaintiff purchasers were ready, willing, and financially able to perform their obligations under

the contract, even though their tender of performance was excused by the appellant's anticipatory breach (*see Paglia v Pisanello,* 15 AD3d 373 [2005]; *Feldstein v Rounick,* 276 AD2d 523 [2000]; *Cohn v Mezzacappa Bros.,* 155 AD2d 506 [1989]).

Furthermore, under the circumstances of this case, there is no merit to the appellant's contention that the trial court erred in admitting certain business records into evidence (*see New York State Higher Educ. Servs. Corp. v Barry,* 267 AD2d 567 [1999]; *Niagara Frontier Tr. Metro Sys. v County of Erie,* 212 AD2d 1027 [1995]; *Elkaim v Elkaim,* 176 AD2d 116 [1991]). In addition, assuming that no proper foundation for the admission of the mortgage commitment was established, any error in admitting this document was harmless since there is other proof in the record to support the court's finding that the plaintiffs procured a mortgage commitment as required by the contract (*see Tomanelli v Lizda Realty, Ltd.,* 174 AD2d 889 [1991]). Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.