Choudhry v Starbucks Corp. (2023 NY Slip Op 00925)

Choudhry v Starbucks Corp.

2023 NY Slip Op 00925

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 20393/16 Appeal No. 17354 Case No. 2021-04188 

[*1]Hussain Choudhry, Plaintiff-Respondent,
v
Starbucks Corporation Doing Business as Starbucks, Defendant-Appellant, Parkchester Preservation Management LLC, et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.

Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered June 11, 2021, which denied defendant Starbucks Corporation d/b/a Starbucks's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion is granted. The Clerk is directed to enter judgment accordingly.
Initially, the Supreme Court correctly acknowledged that Starbucks is entitled to summary judgment pursuant to Administrative Code of the City of New York § 7-210 which states in relevant part:
It shall be the duty of the owner of real property abutting any
Sidewalk. . . to maintain such sidewalk in a reasonably safe
condition.
Notwithstanding any other provision of law, the owner of real property abutting any sidewalk. . . shall be liable for any injury to property or personal injury. . . proximately caused by the failure
of such owner to maintain such sidewalk in a reasonably safe
condition.
There is no question that § 7-210 by its terms unambiguously imposes liability upon defendant Parkchester for failure to repair the alleged defect in the sidewalk that cause plaintiff's personal injury. Furthermore, that duty "is an affirmative, non-delegable obligation" and although a landlord can enter into agreements having the tenant perform the work of maintaining the sidewalk, the duty to plaintiff remains exclusively with the landlord (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167 [2019]).
Although Supreme Court determined that the lease was inadmissible hearsay, Starbucks's arguments related to the lease should have been considered. The witnesses for Starbucks and Parkchester were shown the lease at their depositions and testified under oath regarding its relevant sections, and both the lease and the deposition transcripts were annexed to the motion papers. Starbucks's witness, Bertram, had sufficient personal knowledge of the lease agreement to authenticate it, even though he did not sign or negotiate the lease (see DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146, 146 [2d Dept 2003]). Plaintiff did not object to the admissibility of the lease agreement, but instead relied on it in opposing the motion (see Niagara Frontier Tr. Metro Sys. v County of Erie, 212 AD 2d 1027 [4th Dept 1995]).
Addressing the lease on the merits, we find that there is no issue of fact as to whether Starbucks was obligated to make any sidewalk repairs under the lease. Section 9 of the lease agreement only requires Starbucks to make repairs to the leased premises, not to the sidewalk. Section 9 (e), titled "Repair and Maintenance", is the only part of Section 9 that specifically refers to the sidewalk. It states in relevant part, "Tenant. . . shall keep any sidewalk or service area immediately contiguous to the Leased Premises free of snow, ice, debris, garbage, pests and vermin." Moreover, even if Starbucks had an obligation to repair [*2]the sidewalk under the lease, which it does not, that would not have imposed on Starbucks a duty to plaintiff, a third party to the agreement (see Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]).
In support of the motion for summary judgment, Starbucks annexed the deposition transcript of Cesar Corea, Parkchester's senior property manager. Mr. Corea testified that Parkchester is responsible for maintaining and repairing the sidewalk. If Starbucks noticed any defect in the sidewalk that needed repair it would have to notify Parkchester's service department, which would generate a work order and cause Mr. Corea to investigate. If, in Mr. Corea's opinion, the defect was a tripping hazard he would generate a work order for the construction department to make the repair. When shown photographs of the sidewalk defect identified by plaintiff, Mr. Corea stated that it would not have been repaired because it did not look deep enough, and he did not consider the alleged sidewalk defect a tripping hazard. He further stated that a patch seen over the defect would have been placed there by Parkchester's in-house construction department.
Mr. Corea's testimony clearly establishes that Parkchester was the only entity responsible for repairing any alleged defects in the sidewalk. Only Parkchester owed a duty to plaintiff pursuant to the Administrative Code and under the lease. Plaintiff's arguments as to Starbucks's potential liability under the lease were speculative and fail to raise any issues of fact (see Eduardo v Webster Equities LLC, 194 AD3d 643 [1st Dept 2021]). Starbucks is entitled to summary judgment dismissing the complaint against it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023