■ MERI NASIFOGLU, Respondent, v ADNAN NASIFOGLU, Appellant. [637 NYS2d 792] —In an action, *inter alia,* to rescind a separation agreement entered into by the parties on November 14, 1988, the defendant husband appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), dated June 9, 1994, which, after a nonjury trial, *inter alia,* set aside the agreement.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

A separation agreement will be enforced unless it is shown to be the result of fraud or overreaching, or its terms can be characterized as unconscionable *(see, Christian v Christian,* 42 NY2d 63). In this case, there was no evidence, other than the wife's testimony, of her diminished physical or mental capacity at the time the separation agreement was executed *(cf., Weinstock v Weinstock,* 167 AD2d 394). In fact, the attorney who

drafted the agreement testified that the wife told him she understood its terms and that the statement of finances included in the agreement was accurate. Although the husband received all of the parties' assets, the total sum of which was $112,776, he also assumed, pursuant to the agreement, all of their liabilities, which were approximately $200,000 more than their assets. In addition, the attorney-draftsman had repeatedly urged the wife to retain her own counsel. The fact that the wife was not represented by her own independent counsel does not, in itself, establish overreaching since the evidence established that the wife was knowledgeable in business and legal matters (see, Tirrito v Tirrito, 191 AD2d 686). Under these circumstances, the separation agreement was valid and enforceable (see, e.g., Wasserman v Wasserman, 217 AD2d 544; Torsiello v Torsiello, 188 AD2d 523). Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.