■ JOANNE WILSON, Respondent, v THOMAS M. NEPPELL III, Appellant. [677 NYS2d 144] —In an action, in effect, to set aside a separation agreement and stipulation of settlement, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated July 23, 1997, as denied his cross motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion is granted, and the complaint is dismissed.

The plaintiff and the defendant were married on June 2, 1984. On May 22, 1993, they executed a separation agreement and on April 8, 1994, they executed a stipulation of settlement. A judgment of divorce incorporating, but not merging, the stipulation of settlement was entered on July 26, 1994. In 1997, the plaintiff commenced this action, in effect, to set aside the separation agreement and stipulation of settlement on the ground that they were procured by fraud, duress, and undue influence. The Supreme Court should have granted the defendant's cross motion to dismiss the complaint.

A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see, Christian v Christian,* 42 NY2d 63, 73; *Abrams v Abrams,* 240 AD2d 445; *Torsiello v Torsiello,* 188 AD2d 523, 524). In the present case, the terms of the parties' agreement appear to be fair. The fact that the plaintiff was not represented by independent counsel when the divorce agreements were executed does not, by itself, establish overreaching or require automatic nullification (*see, Levine v Levine,* 56 NY2d 42, 48; *Juliani v Juliani,* 143 AD2d 72, 74; *Culp v Culp,* 117 AD2d 700, 702). This is especially true where, as here, the plaintiff expressly acknowledged in at least three documents that she was fully informed of her right to retain her own attorney and chose to proceed without one.

In addition, the plaintiff's conclusory allegations of fraud and duress are insufficient to state a cause of action. Where, as here, the plaintiff accepted the benefits of the parties' agreement for over three years without objecting, she is deemed to have ratified the contract (*see, Beutel v Beutel,* 55 NY2d 957, 958; *Stacom v Wunsch,* 162 AD2d 170; *Amestoy v Amestoy,* 151 AD2d 709). Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.