■ FRANK KAMMERER, Respondent, v MARY A. KAMMERER, Appellant. [717 NYS2d 322] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated November 17, 1999, as granted the plaintiff's motion to dismiss her verified answer and counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss so much of the defendant's counterclaim as sought equitable distribution of his pension plan and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim insofar as it sought to set aside the separation agreement which the parties entered into in August 1984. "It is well settled that a separation agreement [which is] fair on its face will be enforced according to its terms unless fraud, overreaching, or unconscionability is shown" (*Warren v Rabinowitz,* 228 AD2d 492, 493; *see, Wilson v Neppell,* 253 AD2d 493; *O'Lear v O'Lear,* 235 AD2d 466). Here, the agreement appears fair on its face, and the defendant's allegations are insufficient to create an inference of overreaching or unconscionability in its execution and terms (*see, Wilson v Neppell, supra*; *O'Lear v O'Lear, supra*; *Warren v Rabinowitz, supra*). Additionally, the defendant ratified the agreement by accepting its benefits for 15 years (*see, Wilson v Neppell, supra*; *Genovese v Genovese,* 243 AD2d 679).

However, the Supreme Court improperly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim insofar as it sought equitable distribution of the plaintiff's pension, which the record indicates is governed by the Employee Retirement Income Security Act, i.e. ERISA

(*see,* 29 USC § 1055 [c] [2] [A]). The defendant did not waive her right to share in the plaintiff's pension to the extent that it constituted marital property (*see, Majauskas v Majauskas,* 61 NY2d 481, 485-486; *Kaplan v Kaplan,* 82 NY2d 300), since the parties' separation agreement did not mention or refer to the plaintiff's pension (*see,* 29 USC § 1055 [c] [2] [A]; *Hurwitz v Sher,* 982 F2d 778; *Graef v Retirement Income Plan for Empls.,* 166 F3d 332). O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.