■ JOHN STRANGOLAGALLI, Appellant, v JANINE K. STRANGO-LAGALLI, Respondent. [742 NYS2d 914] —In an action, inter alia, to rescind a separation agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated April 18, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own (*see Christian v Christian,* 42 NY2d 63). A party seeking to set aside a separation agreement which is fair on its face must prove fraud, duress, overreaching, or that the agreement is unconscionable (*see Christian v Christian, supra* at 73; *Collison-Harrington v Harrington,* 279 AD2d 444; *Wilson v Neppell,* 253 AD2d 493). The defendant made a prima facie showing that the plaintiff is not entitled to set aside the separation agreement (*see Collison-Harrington v Harrington, supra; Piccone v Chamberlain,* 271 AD2d 667; *Wilson v Neppell, supra; Wasserman v Wasserman,* 217 AD2d 544; *Middleton v Middleton,* 174 AD2d 655; *Springer v Grattan-Arnoff,* 172 AD2d 1084; *Greenfield v Greenfield,* 147 AD2d 440). In opposition, the plaintiff failed to demonstrate the existence of any triable issues of fact, since his allegations are insufficient to create an inference of fraud, duress, overreaching, or unconscionability (*see Kammerer v Kammerer,* 278 AD2d 282;

*Wilson v Neppell, supra* at 494; *Surlak v Surlak,* 95 AD2d 371). Accordingly, the defendant's motion for summary judgment was properly granted. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.