■ ROBERT BRENNAN, Appellant, v NANCY BRENNAN, Respondent. [759 NYS2d 744] —In an action to rescind a separation agreement dated August 4, 1999, and, in effect, to vacate so much of a judgment of divorce dated December 2, 1999, as incorporated the terms of the agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated April 18, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own (*see Christian v Christian,* 42 NY2d 63 [1977]). A party seeking to set aside a separation agreement which is fair on its face must prove fraud, duress, overreach-

ing, or that the agreement is unconscionable (*see Christian v Christian, supra* at 73; *Wilson v Neppell,* 253 AD2d 493, 494 [1998]). The defendant made a prima facie showing that the plaintiff was not entitled to have the separation agreement set aside (*see Strangolagalli v Strangolagalli,* 295 AD2d 338 [2002]; *Wilson v Neppell, supra*; *Wasserman v Wasserman,* 217 AD2d 544 [1995]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact, since his allegations were insufficient to create an inference of fraud, duress, overreaching, or unconscionability (*see Strangolagalli v Strangolagalli, supra*; *Kammerer v Kammerer,* 278 AD2d 282 [2000]; *Wilson v Neppell, supra* at 494).

The fact that the plaintiff was not represented by independent counsel when the separation agreement was executed does not, without more, establish overreaching or require automatic nullification of the agreement (*see Warren v Rabinowitz,* 228 AD2d 492 [1996]). This is especially true where, as here, the plaintiff expressly acknowledged that he was fully informed of his right to retain his own counsel and the defendant's attorney, who drafted the agreement, repeatedly urged him to do so (*see Nasifoglu v Nasifoglu,* 224 AD2d 504, 505 [1996]; *Wilson v Neppell, supra* at 494).

Moreover, since the plaintiff accepted the benefits of the parties' agreement and substantially complied with its terms for over two years, he is deemed to have ratified the agreement (*see Torsiello v Torsiello,* 188 AD2d 523, 524 [1992]; *Boyle v Burkich,* 245 AD2d 609, 610 [1997]). Contrary to the plaintiff's assertion, the child support provisions of the agreement adequately recite the language mandated by the Child Support Standards Act (Domestic Relations Law § 240[1-b] [h]) (*see Gallet v Wasserman,* 280 AD2d 296 [2001]; *Blaikie v Mortner,* 274 AD2d 95 [2000]; *cf. Lepore v Lepore,* 276 AD2d 677, 678 [2000]). Accordingly, the defendant's motion for summary judgment was properly granted. Florio, J.P., H. Miller, Adams and Rivera, JJ., concur.