■ KIMBERLY CHAMBERS, Appellant, v JAMES P. McINTYRE, Respondent. [772 NYS2d 530]—

In an action to rescind a separation agreement, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered December 19, 2002, which, upon a decision of the same court dated May 9, 2002, made after a nonjury trial, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

While an appellate court's authority in reviewing a determination after a nonjury trial is as broad as that of the trial court, due deference is given to the trial court's determination (*see Mechwart v Mechwart*, 292 AD2d 354 [2002]; *DiBruno v Abrams*, 208 AD2d 672, 674 [1994]). Such a determination should not be disturbed on appeal unless it is unsupported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see A & S Trucking Serv. v New York State Thruway Auth.*, 268 AD2d 493 [2000]; *Greenberg v Behlen*, 220 AD2d 720 [1995]).

Here, there was sufficient evidence demonstrating that the separation agreement entered into by the parties was arrived at fairly and equitably, and in a manner that was free from the taint of fraud and duress (*see Christian v Christian,* 42 NY2d 63 [1977]). Contrary to the plaintiff's contention, it was not the defendant's burden to prove that the agreement was fair and reasonable, but rather, it was her burden to show that the agreement was the result of fraud or overreaching, or that its terms were unconscionable (*see Jacobs v Jacobs,* 234 AD2d 425 [1996]; *Wilutis v Wilutis,* 184 AD2d 639 [1992]). Since the plaintiff failed to meet her burden, the Supreme Court correctly dismissed the complaint seeking to rescind the separation agreement.

The plaintiff's remaining contentions are without merit. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.