■ KATHLEEN BRENNAN-DUFFY, Respondent, v MICHAEL DUFFY, Appellant. [804 NYS2d 399]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), entered July 2, 2004, which denied his motion, in effect, to vacate a stipulation of settlement dated April 26, 2002.

Ordered that the order is affirmed, with costs.

"A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Linder v Linder,* 297 AD2d 710, 711 [2002]; *see Cohn v Cohn,* 15 AD3d 332 [2005]; *O'Beirne v O'Beirne,* 5 AD3d 572 [2004]). "Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own" (*Strangolagalli v Strangolagalli,*

295 AD2d 338 [2002]; *see Christian v Christian,* 42 NY2d 63, 71 [1977]).

The agreement was reached fairly and equitably, and in a manner that was free from the taint of fraud and duress. Contrary to the defendant's contention, the plaintiff's attorney did not ostensibly represent both parties, and therefore, there was no inference of overreaching (*cf. Tuccillo v Tuccillo,* 8 AD3d 659, 660 [2004]). Moreover, "it was not [the plaintiff's] burden to prove that the agreement was fair and reasonable, but rather, it was [the defendant's] burden to show that the agreement was the result of fraud or overreaching, or that its terms were unconscionable" (*Chambers v McIntyre,* 5 AD3d 344, 345 [2004]). The defendant failed to demonstrate any ground to set aside the parties' stipulation and failed to carry the burden necessary for a hearing on unconscionability (*see Cohn v Cohn, supra* at 332; *Leahy v Leahy,* 9 AD3d 351, 352 [2004]).

The fact that the defendant was not represented by independent counsel when the stipulation of settlement was executed does not, without more, establish overreaching or require automatic nullification of the agreement (*see Brennan v Brennan,* 305 AD2d 524, 525 [2003]; *Warren v Rabinowitz,* 228 AD2d 492 [1996]). This is especially true where, as here, the defendant explicitly acknowledged that he was encouraged to retain his own counsel (*see Brennan v Brennan, supra* at 525; *Wilson v Neppell,* 253 AD2d 493, 494 [1998]; *Nasifoglu v Nasifoglu,* 224 AD2d 504 [1996]). "An agreement will not be overturned merely because, in retrospect, some of its provisions were improvident or one-sided" (*O'Lear v O'Lear,* 235 AD2d 466 [1997]), or because "a party had a change of heart" (*Warren v Rabinowitz, supra* at 493). Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.