■ MARY C. SLOBODA, Appellant, v JOSEPH A. SLOBODA, SR., Respondent. [807 NYS2d 108]—

In a matrimonial action in which the parties were divorced by judgment entered August 6, 2003, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Ross, J.), dated December 23, 2003, which, inter alia, denied her motion to vacate a stipulation of settlement dated September 23, 2002, and the judgment of divorce, and directed a conference and, thereafter, if necessary, a hearing on that branch of the defendant's cross motion which was for an award of an attorney's fee.

Ordered that the appeal from so much of the order as directed a conference and, thereafter, if necessary, a hearing on that branch of the cross motion which was for an award of an attorney's fee is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

An order directing a hearing to aid in the determination of a motion does not dispose of the motion and does not affect a substantial right, and therefore is not appealable as of right (see CPLR 5701 [a] [2] [v]; see Berliner v Berliner, 294 AD2d 524 [2002]; Davidson-Sakuma v Sakuma, 280 AD2d 577 [2001]; Palma v Palma, 101 AD2d 812 [1984]). Since leave to appeal from that branch of the order has not been granted, the appeal from so much of the order as directed a conference and thereafter, if necessary, a hearing on that branch of the cross motion which was for an award of an attorney's fee, is dismissed.

The parties to this matrimonial action executed a stipulation of settlement on September 23, 2002, following more than one year of negotiations. Both were represented by counsel. The stipulation, inter alia, obligated the parties to execute and deliver any further instruments necessary to effectuate its provisions. The court directed the parties to submit proposed judgments of divorce. The plaintiff, as the party who prevailed on her complaint for a divorce, was obligated under 22 NYCRR 202.48 to submit a proposed judgment for the court's signature (see Funk v Barry, 89 NY2d 364, 367 [1996]). Upon the plaintiff's failure to comply with this directive, the defendant submitted a proposed judgment which, upon the plaintiff's waiver of the notice period, the court signed.

Since all outstanding issues had been resolved, the issuance of the judgment of divorce brought a proper repose to the proceedings and was a mere ministerial act (see Russo v Russo,

289 AD2d 467, 468 [2001]; *Obadiah v Shaw*, 266 AD2d 521, 522 [1999]; *Van Pelt v Van Pelt*, 172 AD2d 659 [1991]). It was entered pursuant to the terms of the stipulation of settlement and, thus, on consent of the parties.

Furthermore, as the Supreme Court correctly observed, the plaintiff's application to set aside the stipulation of settlement was procedurally barred. A plenary action is required to set aside a stipulation, as here, incorporated but not merged into the judgment of divorce (*see Gottlieb v Gottlieb*, 294 AD2d 537 [2002]; *Spataro v Spataro*, 268 AD2d 467 [2000]; *Dombrowski v Dombrowski*, 239 AD2d 460 [1997]). In any event, as the Supreme Court found, the stipulation of settlement was not unconscionable or procured by the defendant's alleged misrepresentation and would not, therefore, be set aside (*see Chambers v McIntyre*, 5 AD3d 344, 345 [2004]; *Feiertag v Feiertag*, 2 AD3d 574, 575 [2003]; *Brennan v Brennan*, 305 AD2d 524 [2003]; *Strangolagalli v Strangolagalli*, 295 AD2d 338 [2002]; *cf. Cruciata v Cruciata*, 10 AD3d 349 [2004]; *Santini v Robinson*, 306 AD2d 266 [2003]). Prudenti, P.J., Florio, Crane and Lifson, JJ., concur.