■ ANDREA KORNGOLD, Appellant, v HARVEY KORNGOLD, Respondent. [810 NYS2d 206]—

In an action to set aside a separation agreement dated December 13, 2000, and a stipulation of settlement dated March 15, 2002, and to vacate so much of a judgment of divorce entered September 10, 2002, as incorporated the terms of the separation agreement and the stipulation of settlement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated August 3, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Judicial review of separation agreements is to be exercised sparingly, with the goal of encouraging parties to settle their differences by themselves (*see Christian v Christian*, 42 NY2d 63 [1977]; *Brennan v Brennan*, 305 AD2d 524 [2003]). A party seeking to set aside a separation agreement or a stipulation of settlement in a divorce action, each of which is fair on its face, must prove fraud, duress, or overreaching, or that the agreement or stipulation is nonetheless unconscionable (*see Christian v Christian, supra; Brennan v Brennan, supra; Wilson v Neppell*, 253 AD2d 493 [1998]). The defendant made a prima facie showing that the plaintiff was not entitled to have either the separation agreement or the stipulation of settlement set aside (*see Brennan v Brennan, supra; Strangolagalli v Strangolagalli*, 295 AD2d 338 [2002]; *Collison-Harrington v Harrington*, 279 AD2d 444 [2001]; *Wilson v Neppell, supra*). In opposition, the plaintiff failed to raise a triable issue of fact, as her unsup-

ported and conclusory allegations were insufficient as a matter of law to create any inference of fraud, duress, overreaching, or unconscionability (*see Brennan v Brennan, supra*; *Strangolagalli v Strangolagalli, supra*; *Collison-Harrington v Harrington, supra*; *Wilutis v Wilutis*, 184 AD2d 639 [1992]).

The fact that the plaintiff was not represented by independent counsel when the stipulation of settlement was placed on the record in open court does not, without more, establish overreaching or require automatic nullification of the stipulation (*see Brennan v Brennan, supra* at 525; *Warren v Rabinowitz*, 228 AD2d 492 [1996]). This is especially true where, as here, the plaintiff expressly acknowledged that she was informed of her right to retain her own counsel and the defendant's attorney, who drafted the agreement, repeatedly urged her to do so (*see Brennan v Brennan, supra* at 525; *Nasifoglu v Nasifoglu*, 224 AD2d 504, 505 [1996]; *Wilson v Neppell, supra* at 494; *cf. Kavanagh v Kavanagh*, 2 AD3d 688 [2003]). In any event, the plaintiff was represented by independent counsel when the separation agreement was negotiated and executed, and she expressly ratified the terms of the separation agreement as part of the stipulation of settlement. Moreover, since the plaintiff accepted the benefits of the separation agreement and substantially complied with its terms for more than one year, and thereafter accepted the benefits of the stipulation of settlement for almost one year, she ratified both the separation agreement and the stipulation of settlement by her conduct (*see Brennan v Brennan, supra* at 525; *Boyle v Burkich*, 245 AD2d 609, 610 [1997]; *Torsiello v Torsiello*, 188 AD2d 523, 524 [1992]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.