■ GUADALUPE G. RUBIN, Appellant, v JAMES B. RUBIN, Respondent. [823 NYS2d 218]—

In an action, inter alia, for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered May 3, 2005, as granted that branch of the defendant's cross motion which was converted to one for summary judgment dismissing the cause of action for rescission of the parties' "stipulation and settlement agreement."

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability' " (*Brennan-Duffy v Duffy*, 22 AD3d 699 [2005], quoting *Linder v Linder*, 297 AD2d 710, 711 [2002]). The defendant demonstrated his prima facie entitlement to summary judgment dismissing the cause of action for rescission of the parties' "stipulation and settlement agreement," by submitting, inter alia, the agreement, which contained an express representation stating that it was not a product of fraud or duress and awarded the plaintiff generous maintenance and equitable distribution, based on the financial information made available to the plaintiff's independent accountant and legal counsel, who negotiated on the plaintiff's behalf over the course of several months (*see Kerr v Kerr*, 8 AD3d 626 [2004]; *Kavanagh v Kavanagh*, 2 AD3d 688 [2003]; *Berkman v Berkman*, 287 AD2d 426 [2001]).

By contrast, the plaintiff's evidence submitted in opposition was deficient, being devoid of specificity with respect to the defendant's alleged acts of fraud. The plaintiff instead endeavored to describe the defendant's coercive relationship with her, submitting medical evidence consisting of statements made by mental health professionals who treated her after the agreement was executed and who failed to establish that the plaintiff experienced any incapacitating mental impairment at the time of execution of the agreement. Curiously absent from the plaintiff's proof was an affidavit from her former attorney or financial experts, indicating that the defendant failed to comply with demands for financial disclosure or that the defendant or his agents made any actual misrepresentations to them. Instead, the plaintiff offered the redacted portions of an unsworn hand delivered memo of her former attorney dated the same date as the notarization of the plaintiff's execution of the agreement, but four days prior to the defendant's execution of the agreement, itemizing certain alleged misrepresentations of the defendant and indicating the attorney's belief that the defendant was

untrustworthy. This memo clearly negates any potential factual issue since it unequivocally demonstrated that neither the plaintiff nor her former attorney relied on the representations made by the defendant in entering into the agreement. Moreover, the memo also unequivocally shows that the plaintiff could have revoked her acceptance of the agreement prior to its execution by the defendant.

The plaintiff also submitted the affidavit of a realtor to establish that the former marital residence was grossly undervalued, opining that when the property was appraised it was worth between $26,100,000 and $35,000,000 instead of $15,000,000, as set forth in the agreement. That affidavit, however, consists of a one-page estimate of the market value of the property and contains no information as to the methodology utilized in arriving at the appraised value. The realtor's affidavit stated that there would be no change in valuation due to the six months' passage of time between the execution of the agreement and the date of the appraisal, without making any reference to the existence of fluctuations, if any, in real estate values over the time period in question. Even if the valuation presented by the plaintiff was accurate, the plaintiff failed to allege that the true value was known by the defendant. In fact, the agreement clearly stated that both parties had a right to appraise the property but both parties waived such right. In this regard, the plaintiff failed to demonstrate how she was impeded from doing her own appraisal of the marital residence prior to entering into the agreement in question, and ignored the defendant's assertion, making it unrebutted, that the valuation figure agreed to by the parties was selected by the plaintiff and thereafter accepted by the defendant.

As noted above, a party seeking to rescind a separation agreement or a stipulation of settlement has the burden of showing that the agreement was the result of fraud, duress, or overreaching or that its terms were unconscionable (*see Chambers v McIntyre,* 5 AD3d 344 [2004]; *Brennan-Duffy v Duffy, supra*). In an action commenced by one spouse to rescind an agreement, the party moving for summary judgment dismissing the claim for rescission must make a prima facie showing that the agreement should not be set aside and, in opposition, the spouse seeking to rescind the agreement must demonstrate the existence of a triable issue of fact sufficient to raise an inference of fraud, duress, overreaching, or unconscionability (*see Brennan v Brennan,* 305 AD2d 524 [2003]). Unsubstantiated and conclusory allegations are not sufficient to raise a triable issue of fact (*see Korngold v Korngold,* 26 AD3d 358 [2006]; *see also*

*Rosenzweig v Singer,* 18 AD3d 853 [2005]; *Deppe v Deppe,* 287 AD2d 480 [2001]; *Kammerer v Kammerer,* 278 AD2d 282 [2000]). The plaintiff's evidence consisted solely of such conclusory and unsubstantiated allegations, and therefore was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant summary judgment dismissing the cause of action for rescission. Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.