SETH A. HARRIS et al., Appellants-Respondents, v GARTH R. HALLBERG et al., Respondents-Appellants. [828 NYS2d 579]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 7, 2006, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint, and the defendants cross-appeal from so much of the same order as denied those branches of their motion and their separate cross motion which were to impose a sanction on the plaintiffs pursuant to 22 NYCRR 130-1.1 for frivolous conduct.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs.

In July 2004 the plaintiffs entered into a contract with the defendants to purchase a home in Waccabuc, New York (hereinafter the property), for the sum of $1.9 million. However, the plaintiffs had second thoughts about purchasing the property. On November 20, 2004 the parties executed an agreement (hereinafter the release) which provided that, upon the forfeiture of the plaintiffs' down payment, "all contractual obligations" the parties owed each other under the contract of sale would be terminated, and each party would "have no further obligation" toward the other. The release was consistent with the terms of the contract of sale which specified the defendants' remedy in

the event of a default by the plaintiffs. Both parties were represented by independent counsel during the transaction.

In September 2005 the plaintiffs commenced this action to recover damages for breach of contract and fraud in the inducement. The plaintiffs alleged that, prior to signing the release, the parties entered into an oral agreement whereby the defendants agreed that, if they could sell the property for more than the sum of $1.9 million, they would return all or part of the plaintiffs' down payment. The plaintiffs alleged that, although the defendants had apparently sold the property for the sum of $2.4 million, they had refused to return any part of the down payment. Further, they alleged that the defendants never intended to honor the alleged oral agreement, but rather used it to fraudulently induce the plaintiffs into signing the release.

The defendants moved to dismiss the complaint and to impose a sanction on the plaintiffs pursuant to 22 NYCRR 130-1.1 for frivolous conduct. The defendants submitted a sworn denial that they had entered into any oral agreement for the return of all or part of the plaintiffs' down payment, and argued that, in any event, proof of the same would be barred by, inter alia, the parol evidence rule. Indeed, the defendants asserted, the plaintiffs' contention that the parties entered into an oral agreement concerning the down payment, and not only failed to reduce it to writing, but entered into a subsequent written agreement which provided for an unconditional forfeiture of the down payment (the release), despite the fact that the plaintiff Seth A. Harris is a lawyer and, at the time of the alleged oral agreement, both parties were represented by counsel, was "preposterous" and unsupported by any evidence. Further, the defendants argued, given the plain terms of the release, and the fact that it was signed by the plaintiffs only after being reviewed by their attorney, any reliance on the alleged oral agreement was not reasonable. Consequently, the defendants asserted, the complaint should be dismissed and the plaintiffs sanctioned for frivolous conduct.

The Supreme Court dismissed the complaint but declined to impose a sanction. We affirm.

Initially, although the defendants' motion was made pursuant to CPLR 3211 (a) (5), the parties clearly charted a summary judgment course by submitting extensive documentary evidence and factual affidavits in support of their respective positions (*see O'Dette v Guzzardi*, 204 AD2d 291 [1994]). Thus, application of a summary judgment standard is appropriate (*see O'Dette v Guzzardi, supra*). Here, the defendants demonstrated a prima facie entitlement to judgment as a matter of law dismissing the

plaintiffs' cause of action to recover damages for breach of the alleged oral agreement by proffer of the release, which provided for the unconditional forfeiture of the plaintiffs' down payment and the extinguishment of all further obligations between the parties. In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, evidence of the alleged oral agreement, which would contradict and vary the terms of the release, is precluded by the parol evidence rule (*see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 387 [1981]; *Siegel v Competition Imports*, 296 AD2d 540 [2002]). Further, there is no merit to their contention that such evidence is admissible under the exception to the parol evidence rule for agreements that are incomplete (*see Thomas v Scutt*, 127 NY 133, 138-140 [1891]; *see also Laskey v Rubel Corp.*, 303 NY 69 [1951]; *Henrich v Phazar Antenna Corp.*, 33 AD3d 864 [2006]; *Ahava Dairy Prods. Corp. v Trident Leasing Corp.*, 1 AD3d 546 [2003]). Not only is the release a complete and integrated agreement, but the alleged oral agreement is not consistent with the release, and is contradictory thereto (*see Laskey v Rubel Corp., supra*; *Thomas v Scutt, supra*; *Henrich v Phazar Antenna Corp., supra*; *Ahava Dairy Prods. Corp. v Trident Leasing Corp., supra*). Thus, the plaintiffs' first cause of action was properly dismissed.

Evidence of the alleged oral agreement as proof of fraud in the inducement is not barred by the parol evidence rule (*see Black Rock, Inc. v Z Best Car Wash, Inc.*, 27 AD3d 409 [2006]). However, on the facts presented, we agree that any reliance on the alleged oral agreement was not reasonable as a matter of law (*see Oko v Walsh*, 28 AD3d 529 [2006]; *see also Small v Lorillard Tobacco Co.*, 94 NY2d 43 [1999]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413 [1996]). Thus, the second cause of action to recover damages for fraud in the inducement was properly dismissed.

The Supreme Court providently exercised its discretion in declining to impose a sanction on the plaintiffs for frivolous conduct (*see* 22 NYCRR 130-1.1; *RCN Constr. Corp. v Fleet Bank, N.A.*, 34 AD3d 776 [2006]; *Retina Assoc. of Long Is. v Rosberger*, 299 AD2d 533 [2002]).

The parties' remaining contentions are without merit. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.