■ VINCENZA DIMINO, Appellant, v FRANK DIMINO, Respondent. [835 NYS2d 353]—In a matrimonial action in which the parties were divorced by judgment dated June 2, 2000, the plaintiff appeals from an order of the Supreme Court, Kings County (Krauss, J.), dated December 6, 2005, which, upon denying that branch of her motion which was to reject a referee's report (Platt, J.H.O), dated April 27, 2005, made after a hearing, confirmed the report and denied those branches of her motion which were to hold the defendant in contempt of court for violating certain provisions of the judgment of divorce, to set aside certain portions of the parties' stipulation of settlement, and for an award of attorney's fees.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly confirmed the referee's report as the findings in the report, recommending denial of those branches of the plaintiff's motion which were to hold the defendant in contempt, to set aside portions of the parties' stipulation of settlement, and for an award of attorney's fees, based on her failure to sustain her burden of proof, are amply supported by the record (*see Slater v Links at N. Hills,* 262 AD2d 299 [1999]; *Frater v Lavine,* 229 AD2d 564 [1996]).

The plaintiff did not meet her burden to hold the defendant in civil contempt (*see McCain v Dinkins,* 84 NY2d 216, 227 [1994]; *Rienzi v Rienzi,* 23 AD3d 447, 449 [2005]). She failed to establish that the defendant willfully violated the parties' stipulation of settlement, which was incorporated into the judgment of divorce, thereby prejudicing her rights (*see Rienzi v Rienzi, supra; Vujovic v Vujovic,* 16 AD3d 490, 491 [2005]; *Rupp-Elmasri v Elmasri,* 305 AD2d 394, 395 [2003]).

The plaintiff also failed to meet her burden to set aside certain portions of the parties' stipulation of settlement (*see Brennan-Duffy v Duffy,* 22 AD3d 699 [2005]; *Jacobs v Jacobs,* 234 AD2d 425 [1996]). She failed to establish that the stipulation of settlement was the result of fraud or overreaching, or that its terms were unconscionable (*see Rubin v Rubin,* 33 AD3d 983, 985-986 [2006]; *Chambers v McIntyre,* 5 AD3d 344, 345 [2004]; *Jacobs v Jacobs, supra*).

The plaintiff's request for an award of attorney's fees was properly denied (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Matter of Lewis v Redhead,* 19 AD3d 495 [2005]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.