■ JAMES CANTILLI, Appellant-Respondent, v ANNETTE CANTILLI, Respondent-Appellant. [837 NYS2d 285]—

In an action to set aside a separation agreement, the plaintiff appeals, as limited by his brief, from so much of a judgment of

the Supreme Court, Orange County (Owen, J.), dated March 17, 2006, as, after a nonjury trial and upon a decision of the same court dated February 28, 2006, dismissed the complaint, and the defendant cross-appeals, as limited by her brief, from so much of the same judgment as dismissed her counterclaim for an award of an attorney's fee. The notice of appeal and notice of cross appeal from the decision are deemed to be a notice of appeal and notice of cross appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, without costs or disbursements.

A party seeking to set aside a separation agreement which is fair on its face must prove fraud, duress, overreaching, or that the agreement is unconscionable (*see Christian v Christian*, 42 NY2d 63, 73 [1977]). The plaintiff failed to sustain his burden of proof. The plaintiff submitted only unsupported conclusory allegations of threats made by the defendant. Moreover, the fact that the plaintiff was not represented by independent counsel when the separation agreement was made does not, without more, establish overreaching (*see Brennan-Duffy v Duffy*, 22 AD3d 699, 700 [2005]; *Brennan v Brennan*, 305 AD2d 524, 525 [2003]). In addition, viewing the challenged separation agreement in its entirety, and examining the totality of the circumstances, the terms of the agreement cannot be considered manifestly unfair (*cf. Tartaglia v Tartaglia*, 260 AD2d 628, 629 [1999]). Accordingly, the complaint was properly dismissed.

The Supreme Court also properly dismissed the defendant's counterclaim for an award of an attorney's fee on the ground that the plaintiff's conduct was not frivolous. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.