■ MARY DOUKAS, Appellant, v TED DOUKAS, Respondent. [849 NYS2d 656]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated September 26, 2006, which, upon a stipulation of settlement dated September 7, 2005, granted the defendant's motion for summary judgment dismissing the complaint and for an award of an attorney's fee, and denied her cross motion, in effect, for summary judgment vacating the stipulation of settlement on the grounds, inter alia, of fraud, duress, overreaching, and unconscionability.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action for a divorce and ancillary relief by the filing of a summons with notice dated September 6, 2005. The following day, the parties entered into a stipulation of settlement drafted by counsel for the plaintiff. Despite the timing, the stipulation was the result of extensive prior negotiations during which both parties were represented by counsel. On January 4, 2006 the plaintiff served a verified complaint. The defendant moved for summary judgment dismissing the complaint, based upon the stipulation of settlement, and for an award of an attorney's fee. The plaintiff opposed such relief on the ground that the stipulation of settlement was not duly acknowledged, and cross-moved, in effect, for summary judgment vacating the stipulation of settlement on the grounds, inter alia, of fraud, duress, overreaching, and unconscionability. With respect to the cross motion, the parties charted a summary judgment course by submitting extensive documentary evidence and factual affidavits in support of their respective positions (*see Harris v Hallberg,* 36 AD3d 857 [2007]). Thus, a summary judgment standard was properly applied to the cross motion (*see Harris v Hallberg,* 36 AD3d 857 [2007]). The Supreme Court granted the motion and denied the cross motion. We affirm.

A stipulation of settlement which is fair on its face will be

enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Rubin v Rubin*, 33 AD3d 983 [2006]; *Brennan-Duffy v Duffy*, 22 AD3d 699 [2005]). Judicial review is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own (*see Brennan-Duffy v Duffy*, 22 AD3d 699 [2005]). Here, in opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law based upon the stipulation of settlement, the plaintiff failed to raise a triable issue of fact as to whether the stipulation was not duly acknowledged (*see* Domestic Relations Law § 236 [B] [3]; *D'Elia v D'Elia*, 14 AD3d 477 [2005]; *Smith v Smith*, 263 AD2d 628 [1999]). Moreover, in opposition to the defendant's prima facie showing that the stipulation of settlement was not secured by, inter alia, fraud, duress, or overreaching, and not tainted by unconscionability, the plaintiff failed to raise a triable issue of fact. Similarly, in her cross motion, the plaintiff failed to meet her burden of demonstrating that the stipulation should be set aside on the grounds, inter alia, of fraud, duress, overreaching, or unconscionability (*see Dimino v Dimino*, 39 AD3d 799 [2007]; *Rubin v Rubin*, 33 AD3d 983 [2006]; *Brennan-Duffy v Duffy*, 22 AD3d 699 [2005]). Thus, summary judgment was properly awarded to the defendant and denied to the plaintiff. Skelos, J.P., Ritter, Miller and Angiolillo, JJ., concur.