■ WILLIAM L. RICCA, Appellant, v GRACE ANN M. RICCA, Respondent. [870 NYS2d 419]—

Contrary to the plaintiff's assertion, the child support provisions of the stipulation of settlement adequately recite the language mandated by the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [h]; *Brennan v Brennan,* 305 AD2d 524, 524-525 [2003]; *Gallet v Wasserman,* 280 AD2d 296, 297 [2001]; *cf. Lepore v Lepore,* 276 AD2d 677, 678 [2000]).

"Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own (*see Christian v Christian,* 42 NY2d 63 [1977]). A party seeking to set aside a separation agreement which is fair on its face must prove fraud, duress, overreaching, or that the agreement is unconscionable . . . (*see Strangolagalli v Strangolagalli,* 295 AD2d 338 [2002])" (*Brennan v Brennan,* 305 AD2d at 524-525 [citations omitted]). "Such an agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart" (*Warren v Rabinowitz,* 228 AD2d 492, 493 [1996]).

The defendant made a prima facie showing that the plaintiff was not entitled to have the stipulation of settlement set aside (*see Korngold v Korngold,* 26 AD3d 358 [2006]; *Brennan v Brennan,* 305 AD2d at 524-525; *Strangolagalli v Strangolagalli,* 295 AD2d 338 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact, as his unsupported and conclusory allegations were insufficient as a matter of law to create any inference of fraud, overreaching, or unconscionability (*see Korngold v Korngold,* 26 AD3d 358 [2006]; *Brennan v Brennan,* 305 AD2d at 524-525). "The fact that the plaintiff was not represented by independent counsel when the separation agreement was executed does not, without more, establish overreaching or require automatic nullification of the agreement (*Warren v Rabinowitz,* 228 AD2d 492 [1996])" (*Brennan v Brennan,* 305 AD2d at 525; *see Korngold v Korngold,* 26 AD3d at 359). This is especially true where, as here, the plaintiff knew that the defendant had benefitted from consulting with counsel during the negotiation process, was informed of his right to retain his own counsel, and the parties' mediator, who drafted the agreement, repeatedly urged him to do so (*see Korngold v Korngold,* 26 AD3d at 359).

In any event, since the plaintiff accepted the benefits of the stipulation of settlement, and substantially complied with its terms for almost two years, he ratified the stipulation by his conduct (*see Korngold v Korngold*, 26 AD3d at 359; *Brennan v Brennan*, 305 AD2d at 525).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and properly denied that branch of the plaintiff's cross motion which was for summary judgment setting aside the child support provisions of the stipulation of settlement. Mastro, J.P., Florio, Eng and Chambers, JJ., concur.