◼ JACQUELINE CASTELLANO, Appellant, v MICHAEL CASTELLANO, Respondent. [888 NYS2d 139]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Kent, J.), entered September 18, 2008, as denied her motion to set aside the parties' stipulation of settlement, and (2) so much of a judgment of divorce of the same court dated October 23, 2008, as incorporated the parties' stipulation of settlement.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Stipulations of settlement are favored by the courts and are not lightly cast aside" (*Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *see Matter of Siegel,* 29 AD3d 914 [2006]; *Shapira v Shapira,* 283 AD2d 477, 478 [2001]). " '[A]n oral stipulation of settlement with respect to property issues in a matrimonial action, if spread upon the record and found to be fair and reasonable by the court, is not to be disturbed absent a showing of one of the "traditional" grounds for vacatur, e.g., fraud, duress, mistake or overreaching' " (*Zafran v Zafran,* 28 AD3d 752, 753 [2006], quoting *Harrington v Harrington,* 103 AD2d 356, 359 [1984]; *see Korngold v Korngold,* 26 AD3d 358 [2006]; *Leahy v Leahy,* 9 AD3d 351, 352 [2004]).

Applying these principles to the matter at bar, the Supreme Court properly determined that the plaintiff failed to meet her burden in seeking to set aside the parties' stipulation of settlement (*see Dimino v Dimino,* 39 AD3d 799, 800 [2007]; *Brennan-Duffy v Duffy,* 22 AD3d 699 [2005]; *Jacobs v Jacobs,* 234 AD2d 425 [1996]), and failed to establish that the stipulation of settlement was the result of duress or overreaching on the part of the defendant (*see Garner v Garner,* 46 AD3d 1239, 1240 [2007];

*Rubin v Rubin,* 33 AD3d 983, 985-986 [2006]; *Chambers v McIntyre,* 5 AD3d 344, 345 [2004]). Accordingly, the court correctly denied the motion to set aside the stipulation of settlement. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.