■ YOUNG CHEN, Appellant, v YEHAN ZHANG, Respondent. [888 NYS2d 749]—In an action, inter alia, to set aside an oral stipulation of settlement entered into in open court on May 23, 2006, in an action for an annulment or divorce and ancillary relief entitled *Young Chen v Yehan Zhang*, index No. 16582/05, in Supreme Court, Queens County, the plaintiff appeals from an order of the same court (Gerald, Special Ref.), dated April 11, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The parties were married on June 10, 2005. Several months later, the plaintiff commenced an action for an annulment or divorce and ancillary relief, and the defendant filed an answer and counterclaim seeking a divorce based on cruel and inhuman treatment. Following an inquest, at which the terms of a stipulation of settlement (hereinafter the stipulation) were stated in the presence of the parties and their attorneys, the court granted the defendant a divorce on the ground of cruel and inhuman treatment. Within three months, the plaintiff commenced the instant action, inter alia, to set aside the stipulation on the ground that he did not knowingly and voluntarily enter into it. Upon the defendant's motion to dismiss, the special referee informed the parties that it would treat the defendant's motion as one for summary judgment (*see* CPLR 3211 [c]), and the parties submitted proof, following which the special referee granted the defendant's motion. We affirm.

The defendant made a prima facie showing of her entitlement to summary judgment dismissing the complaint (*see Rubin v Rubin*, 33 AD3d 983, 985-986 [2006]; *Korngold v Korngold*, 26 AD3d 358, 358-359 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Strangolagalli v Strangolagalli*, 295 AD2d 338 [2002]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.