■ Donna Hurst Hepburn, Respondent, v David Hepburn, Appellant. [911 NYS2d 638]—

In a matrimonial action in which the parties were divorced by judgment dated September 16, 2008, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated April 13, 2010, as denied his motion to permanently stay the entry of a Qualified Domestic Relations Order dated July 16, 2009, which equitably distributed certain of his pension benefits between the parties.

Ordered that the order dated April 13, 2010, is affirmed insofar as appealed from, with costs.

"A matrimonial settlement is a contract subject to principles of contract interpretation [and] . . . a court should interpret

the contract in accordance with its plain and ordinary meaning" (*Edwards v Poulmentis*, 307 AD2d 1051, 1052 [2003]; *see Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]; *DelDuca v DelDuca*, 304 AD2d 610, 610-611 [2003]; *Kammerer v Kammerer*, 278 AD2d 282, 282 [2000]). " '[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008], quoting *Fetner v Fetner*, 293 AD2d 645, 645-646 [2002]).

Applying these principles to the matter at bar, the Supreme Court properly interpreted the parties' stipulation of settlement to provide for the equitable distribution of all of the defendant's retirement accounts and pension benefits (*see Pagliaro v Pagliaro*, 31 AD3d 728, 730 [2006]; *Kammerer v Kammerer*, 278 AD2d at 283; *see also DeLuca v DeLuca*, 97 NY2d 139, 146 [2001]; *Olivo v Olivo*, 82 NY2d 202, 207 [1993]). Contrary to the defendant's contentions, it cannot be said that the plaintiff effectively waived her right to equitably share in the pension benefits the defendant received from his employer, to the extent that the benefits from that pension constituted marital property (*compare Kammerer v Kammerer*, 278 AD2d at 282-283 *with Graef v Retirement Income Plan for Employees of Albemarle Corp.*, 166 F3d 332 [1998]; *see Silber v Silber*, 99 NY2d 395, 404 [2003], *cert denied* 540 US 817 [2003]; *March v March*, 233 AD2d 371, 372 [1996]). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.