■ PHILIP A. CAMPIONE, Appellant, v RITA A. ALBERTI, Respondent. [950 NYS2d 392]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Maron, J.), dated October 21, 2011, which, after a hearing, denied that branch of his motion which was to vacate a stipulation of settlement entered into on August 5, 2009, on the grounds of duress and coercion.

Ordered that the order is affirmed, with costs.

On August 5, 2009, during divorce proceedings, the parties, who were both represented by counsel, entered into a written stipulation of settlement that "finally resolved" the issues of child custody and visitation. The stipulation was subsequently so-ordered by the Supreme Court. Thereafter, the plaintiff engaged new counsel and moved, inter alia, to vacate the stipulation on the ground that he signed it as a result of duress and coercion by the counsel who had represented him at the time.

The Supreme Court, inter alia, granted the aforementioned branch of the plaintiff's motion to the extent of ordering a hearing for the limited purpose of determining whether the plaintiff signed the stipulation as a result of duress or coercion by his former counsel. At the hearing, the court heard testimony from the plaintiff, the plaintiff's former attorneys, and the defendant. In an order issued after the hearing, the Supreme Court set forth its findings that the plaintiff's testimony was less credible than that of the other witnesses, and its determination that he failed to meet his burden of establishing that the stipulation was the result of duress or coercion. Accordingly, the court denied that branch of the plaintiff's motion which was to vacate the stipulation on the grounds of duress and coercion. The plaintiff appeals from that order, and we affirm.

"Stipulations of settlement are favored by the courts and are not lightly set aside" (*Bruckstein v Bruckstein*, 271 AD2d 389, 390 [2000]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Nigro v Nigro*, 44 AD3d 831 [2007]). A party seeking to

vacate a stipulation of settlement has the burden of showing that it resulted from duress, fraud, or overreaching, or that its terms were unconscionable (*see Cantilli v Cantilli*, 40 AD3d 1023, 1024 [2007]; *Rubin v Rubin*, 33 AD3d 983, 985 [2006]; *Chambers v McIntyre*, 5 AD3d 344, 345 [2004]).

Applying these principles here, the Supreme Court properly determined, after the hearing, that the plaintiff failed to establish that the stipulation was the result of duress or coercion (*see Rubin v Rubin*, 33 AD3d at 985-986; *Chambers v McIntyre*, 5 AD3d at 345; *cf. Castellano v Castellano*, 66 AD3d 942 [2009]). The hearing court was in the best position to gauge the credibility of the parties, and its resolution of credibility issues is entitled to great deference on appeal (*see Fugazy v Fugazy*, 44 AD3d 613, 615 [2007]; *Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]). Under the circumstances presented herein, we decline to disturb the court's determination that the plaintiff did not meet his burden of showing that the stipulation was the product of duress or coercion.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the stipulation of settlement on the grounds of duress and coercion.

The plaintiff's remaining contention, that the stipulation should be vacated because it was not properly acknowledged, is not properly before this Court, as that issue was not decided in the order appealed from (*see Murray v City of New York*, 43 AD3d 429, 430 [2007]; *McKiernan v McKiernan*, 277 AD2d 433 [2000]). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.