MIKHAIL KUZNETSOV, Appellant, v ANNA KUZNETSOVA, Respondent. [8 NYS3d 350]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Thomas, J.), dated January 16, 2013, which granted the defendant's motion for a declaration that the parties' separation agreement dated December 16, 2002, was valid and, in effect, that an ex parte judgment of divorce obtained by the plaintiff in Russia in 2003 was valid to the extent that it terminated the marital status of the parties, and denied his cross motion for a declaration that the separation agreement and the Russian judgment of divorce were invalid.

Ordered that the order is affirmed, with costs.

The parties were married in Russia in 1991, had a son in 1992, and emigrated to the United States in 1997. In 2007, the plaintiff commenced this action for a divorce and ancillary relief. In 2012, the defendant moved for a declaration that the parties' separation agreement dated December 16, 2002, was valid, and, in effect, that an ex parte judgment of divorce obtained by the plaintiff in Russia in 2003 was valid insofar as it terminated the marital status of the parties. The plaintiff cross-moved for declarations that the separation agreement and the Russian judgment of divorce were invalid. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

Contrary to the defendant's contention, the plaintiff was not required to bring a plenary action in order to challenge the validity of the separation agreement because no judgment of divorce had been entered in this action (*see e.g. Petracca v Petracca*, 101 AD3d 695 [2012]; *Kabir v Kabir*, 85 AD3d 1127 [2011]; *Arato v Arato*, 15 AD3d 511 [2005]; *cf. Thelander v Thelander*, 42 AD3d 495, 496 [2007]; *Sloboda v Sloboda*, 24 AD3d 533, 534 [2005]; *Luisi v Luisi*, 6 AD3d 398, 401 [2004]; *Spataro v Spataro*, 268 AD2d 467, 468 [2000]; *Dombrowski v Dombrowski*, 239 AD2d 460, 460 [1997]).

"An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial ac-

tion if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" (Domestic Relations Law § 236 [B] [3]; *see Matisoff v Dobi*, 90 NY2d 127, 130 [1997]). A separation agreement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Kabir v Kabir*, 85 AD3d at 1128; *Linder v Linder*, 297 AD2d 710, 711 [2002]). Here, the separation agreement complied with the requirements of Domestic Relations Law § 236 (B) (3), and the plaintiff's unsubstantiated and conclusory allegations were insufficient to show that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable (*see Rubin v Rubin*, 33 AD3d 983, 986 [2006]; *Korngold v Korngold*, 26 AD3d 358, 358-359 [2006]). The plaintiff's allegation that he was not represented by independent counsel when the agreement was executed does not, without more, establish overreaching or require automatic nullification of the agreement (*see Brennan-Duffy v Duffy*, 22 AD3d 699, 700 [2005]; *Wilson v Neppell*, 253 AD2d 493 [1998]). Moreover, since the plaintiff accepted the benefits of the separation agreement for many years, he ratified the separation agreement by his conduct (*see Korngold v Korngold*, 26 AD3d at 359). Accordingly, the Supreme Court properly declared that the separation agreement was valid.

The Supreme Court correctly declared that the ex parte Russian judgment of divorce obtained by the plaintiff was valid to the extent the judgment terminated the marital status of the parties. Generally, the courts of this State will "accord recognition to the judgments rendered in a foreign country under the doctrine of comity which is the equivalent of full faith and credit given by the courts to judgments of our sister States" (*Greschler v Greschler*, 51 NY2d 368, 376 [1980]). Here, it was not the defendant who sought to invalidate the judgment of divorce obtained in Russia, but the plaintiff, who procured that judgment in 2003. A "party who properly appeared in the action is precluded from attacking the validity of the foreign country judgment in a collateral proceeding brought in the courts of this State" (*Greschler v Greschler*, 51 NY2d at 376).

Accordingly, we affirm the order of the Supreme Court. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.