■ CHRISTOPHER BASILE, Appellant, v CAI MASTER ALLOCA-TION FUND, LTD., a Bermuda Exempted Country, et al., Respondents. [15 NYS3d 701]—

In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 17, 2013, which granted the defendants' motion, inter alia, to dismiss the complaint pursuant to the common-law doctrine of comity.

Ordered that the order is affirmed, with costs.

Generally, the courts of this State will "accord recognition to the judgments rendered in a foreign country under the doctrine of comity," which is "the equivalent of full faith and credit given by the courts to judgments of our sister States" (*Greschler v Greschler*, 51 NY2d 368, 376 [1980]; *see Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78, 82 [2006]; *Kuznetsov v Kuznetsova*, 127 AD3d 1031 [2015]). Absent some showing of fraud in the procurement of the foreign country judgment or that recognition of the judgment would do violence to a strong public policy of New York State, a party who properly appeared in the action is precluded from attacking the validity of the foreign country judgment in a collateral proceeding commenced in a New York court (*see Greschler v Greschler*, 51 NY2d at 376; *U.S. Bank N.A. v APP Intl. Fin. Co., B.V.*, 100 AD3d 179, 182-183 [2012]).

Contrary to the plaintiff's contention, the Supreme Court properly determined that the adjudication of his claims for compensation under employment and consulting agreements with his former employer in a winding-up proceeding that was litigated in the British Overseas Territory of Bermuda precluded the instant action against the employer, among others, to recover damages for breach of contract and fraud. The plaintiff appeared in the Bermuda proceeding by submitting his claims to the Bermuda court, and made no showing of fraud or that a public policy of this State would be violated by recognizing the Bermuda court's rejection of his claims. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint based on principles of comity.

The parties' remaining contentions either are without merit or need not be reached in view of our determination. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.