■ KAREN E., Respondent, v YORAM E., Appellant. [42 NYS3d 281]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.) dated December 20, 2013. The order, insofar as appealed from, denied those branches of the defendant's motion which were to set aside the parties' stipulation of settlement or, in the alternative, for a hearing as to the validity of the stipulation, and granted those branches of the plaintiff's cross motion which were to enforce certain provisions of the stipulation and to direct the defendant to pay the plaintiff the sum of $9,460 in accordance with a prior order of that court dated May 29, 2013.

Ordered that the order dated December 20, 2013, is affirmed insofar as appealed from, with costs.

In this matrimonial action, the parties executed a written stipulation of settlement as to equitable distribution, child support, and related financial matters. Approximately two years after the execution of that stipulation, the defendant moved to set aside the stipulation or, in the alternative, for a hearing as to the validity of the stipulation, on the grounds that he had not received the effective assistance of counsel in connection with the settlement, that he signed the stipulation under duress, and that the stipulation was unconscionable.

The plaintiff cross-moved to direct the defendant to comply with the terms of the stipulation. She also sought to direct the defendant to pay her the sum of $9,460 in accordance with a prior order of the Supreme Court dated May 29, 2013.

" 'A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability' " (*Brennan-Duffy v Duffy*, 22 AD3d 699, 699 [2005], quoting *Linder v Linder*, 297 AD2d 710, 711 [2002]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Cervera v Bressler*, 85 AD3d 839, 841 [2011]; *Sweeney v Sweeney*, 71 AD3d 989, 990 [2010]; *Cohn v Cohn*, 15 AD3d 332 [2005]). "It is the party seeking to set aside the stipulation . . . who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (*Sweeney v Sweeney*, 71 AD3d at 992; *see Rubin v Rubin*, 33 AD3d 983, 985 [2006]; *Chambers v McIntyre*, 5 AD3d 344, 345 [2004]).

Contrary to the defendant's contention, he failed to show that the stipulation should be set aside based on ineffective assistance of counsel, or that a hearing was warranted as to that matter. "[I]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (*Matter of Saren v Palma*, 263 AD2d 544, 545 [1999]; *see Matter of Rosado v Rosado*, 136 AD3d 927, 928 [2016]; *Salvatore v Salvatore*, 68 AD3d 966, 967 [2009]; *McVeigh v Curry*, 74 AD3d 915, 916 [2010]). The defendant failed to allege the existence of any extraordinary circumstances that would warrant setting aside the stipulation of settlement on the basis of ineffective assistance of counsel (*see Salvatore v Salvatore*, 68 AD3d at 967; *see also Rubin v Rubin*, 33 AD3d at 985; *Brennan-Duffy v Duffy*, 22 AD3d 699 [2005]). Further, the defendant failed to allege facts that would establish that the defendant signed the stipulation under duress (*see Rubin v Rubin*, 33 AD3d at 985; *Brennan-Duffy v Duffy*, 22 AD3d at 700).

Moreover, the defendant failed to show that the stipulation is unconscionable, and failed to allege facts warranting a hearing as to that matter. "An unconscionable bargain is regarded as one 'such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other' " (*Wasserman v Wasserman*, 217 AD2d 544 [1995] [internal quotation marks omitted], quoting *Christian v Christian*, 42 NY2d 63, 71 [1977]). Under the circumstances presented, the defendant failed to show that the stipulation is unconscionable and, contrary to his contention, he failed to allege any specific fraud or nondisclosure that would warrant a hearing as to that matter (*see Sweeney v Sweeney*, 71 AD3d at 990; *Brennan-Duffy v Duffy*, 22 AD3d at 700; *Linder v Linder*, 297 AD2d at 711).

Since there is no ground for setting aside the stipulation, the Supreme Court did not err in granting that branch of the plaintiff's cross motion which was to enforce certain provisions of the stipulation (*see generally Ambrose v Ambrose*, 128 AD3d 746, 747 [2015]; *Hanau v Cohen*, 121 AD3d 940, 941-942 [2014]). In addition, in view of the defendant's acknowledgment that he has not complied with so much of the order dated May 29, 2013, as directed him to pay the plaintiff the sum of $9,460, the court properly granted that branch of the plaintiff's cross motion which was to direct the defendant to pay that sum to the plaintiff in accordance with that prior order (*see generally Ioppolo v Ioppolo*, 132 AD3d 727, 728 [2015]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.