■ MAREK ZAK, Appellant, v UNITED PARCEL SERVICE, Respondent. [692 NYS2d 374] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 24, 1998, which granted defendant's motion for summary judgment dismissing the complaint, and denied as academic plaintiff's cross motion to amend his bill of particulars, unanimously modified, on the facts, to grant plaintiff's cross motion, and otherwise affirmed, without costs.

Plaintiff was injured when electric power was accidentally restored to a conveyer belt he was modifying on defendant's premises. Plaintiff's Labor Law § 200 cause of action was properly dismissed because it was established after disclosure that defendant, which had a longstanding contract with plaintiff's employer for service and repair of its conveyer belts, exercised no supervisory control over the activity that brought about plaintiff's injury (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). Plaintiff's Labor Law § 241 (6) cause of action should be dismissed because the sole purpose of the provision of the Industrial Code upon which plaintiff now rests this claim, 12 NYCRR 23-1.13 (b) (5), is to prevent electrical shock to a worker by the inadvertent closing of an open switch or circuit interrupting device. Plaintiff did not sustain an electric shock when power was inadvertently restored to the conveyer belt he was working on. We modify only to clarify that plaintiff's claim under 12 NYCRR 23-1.13 (b) (5) was fully reviewed and rejected on the merits. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.