■ GERALD J. MURRAY, Appellant, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent-Appellant, and CODY CONSTRUCTION, Respondent, et al., Defendants. MASSAND ENGINEERING, L.S., P.C., Third-Party Defendant-Respondent. [841 NYS2d 341]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated February 14, 2006, as, (1) upon the prior granting, in an order of the same court dated January 30, 2006, of those branches of the respective motions of the defendant Cody Construction and the defendant third-party plaintiff City of New York, which were for leave to renew, granted summary judgment dismissing the complaint insofar as asserted against them, and (2), granted that branch of the motion of the third-party defendant Massand Engineering, L.S., P.C., which was for summary judgment dismissing the third-party complaint, and the defendant third-party plaintiff the City of New York cross-appeals from so much of the same order as denied its renewed motion for summary judgment on its third-party cause of action against the third-party defendant Massand Engineering, L.S., P.C. for contractual indemnification.

Ordered that the plaintiff's appeal from so much of the order

as granted that branch of the motion of the third-party defendant Massand Engineering, L.S., P.C. which was for summary judgment dismissing the third-party complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable by the plaintiff to the defendants-respondents and the third-party defendant-respondent appearing separately and filing separate briefs.

To the extent that the plaintiff contends that the branches of the respective motions of the defendant Cody Construction (hereinafter Cody) and the defendant third-party plaintiff City of New York which were for summary judgment dismissing the complaint insofar as asserted against each of the defendants should have been denied as untimely, and that the Supreme Court erred in granting those branches of the respective motions which were for leave to renew, we note that the Court's determination that the motions were timely, and the granting of those branches of the motions which were for leave to renew, were not made in the order appealed from, but rather in a prior order dated January 30, 2006, from which no appeal was taken. As such, those contentions are not properly before us on this appeal (*see McKiernan v McKiernan*, 277 AD2d 433 [2000]). In addition, the plaintiff's appeal from so much of the order as granted that branch of the motion of the third-party defendant Massand Engineering, L.S., P.C. (hereinafter Massand) which was for summary judgment dismissing the third-party complaint must be dismissed, as the plaintiff was not aggrieved thereby (*see Siegel v Long Is. Jewish Med. Ctr.*, 309 AD2d 916 [2003]).

The court properly dismissed the plaintiff's Labor Law § 200 and common-law negligence causes of action based on the theory of negligent entrustment against Cody. The complaint did not allege negligent entrustment, and Cody established that the plaintiff did not have a viable negligence cause of action against it (*see Reid v Kawasaki Motors Corp., U.S.A.*, 189 AD2d 954 [1993]).

The court also properly granted that branch of the motion of the City which was to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. To hold an owner liable under Labor Law § 200 or the common law for injuries arising from the manner in which work is performed at a work site, an owner "must have actually exercised supervision and control over the work performed at the site" (*McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]). The City established that it did not supervise or control the work being performed

when the plaintiff was injured, and that the injury was the result of the general contractor's method. The plaintiff failed to raise a triable issue of fact in response to those showings.

Since none of the Industrial Code provisions relied upon by the plaintiff to support the Labor Law § 241 (6) cause of action are applicable to the facts surrounding the plaintiff's accident, the branch of the City's motion which was to dismiss that cause of action was also properly granted (see *Zak v United Parcel Serv.*, 262 AD2d 252 [1999]).

We reject the City's contention that it established entitlement to summary judgment on its cause of action against Massand for contractual indemnification with respect to attorney's fees and monies expended in connection with this matter. Pursuant to the terms of the indemnification provision at issue, Massand was liable to indemnify the City for injuries which resulted "either directly or indirectly from the acts, conduct, omissions, negligence, carelessness or lack of good faith of the Engineer" in the performance of the agreement, or from the failure to comply with the agreement or law. Since the evidence established that Massand had only general supervisory authority at the work site, and did not undertake a duty to protect the workers at the work site, and there was no showing of a causal connection between any act or omission of Massand and the plaintiff's injuries, the indemnification provision of the contract was not triggered. Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.