■ ARTHUR UNGER, Respondent, v JEANNE UNGER, Appellant. [881 NYS2d 442]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated December 17, 2007, as granted that branch of the plaintiff husband's motion which was to restrain the appointed temporary receiver from disbursing any funds to D&A Structural Contractors, Inc., or any agents for the reconstruction of the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The wife had exclusive use and possession of the marital residence during the pendency of this divorce proceeding. Before there was an equitable distribution of the marital assets, the marital residence was destroyed by a fire. Without the husband's knowledge, the wife contracted with D&A Structural Contractors, Inc. (hereinafter D&A), to reconstruct the marital home. The reconstruction was paid for with insurance proceeds in the

amount of $1,555,497.21, transferred directly to D&A. A temporary receiver was appointed by the Supreme Court upon the husband's application to oversee the wife's real and personal property. The temporary receiver collected the insurance proceeds that were held by D&A and deposited the money into an escrow account. The husband moved, by an order to show cause, pursuant to Domestic Relations Law § 234 and CPLR 6401 to restrain the temporary receiver from, inter alia, transferring money to D&A. The wife owed D&A the sum of $362,056.04 for work it already completed and for custom doors and windows at the time the husband sought to restrain the temporary receiver from transferring funds to D&A. The Supreme Court granted the relief requested by the husband to restrain the temporary receiver from, inter alia, transferring funds to D&A. We affirm.

Upon the husband's application, the Supreme Court properly limited the temporary receiver's powers by restraining him from disbursing funds held in an escrow account to pay for the reconstruction of the marital home (see CPLR 6401 [b]; Harris v Ron Props., 240 AD2d 344 [1997]).

The wife's belated request for an undertaking is improperly raised for the first time on appeal.

The wife's remaining contentions are either without merit or unpreserved for appellate review. Spolzino, J.P., Florio, Angiolillo and Balkin, JJ., concur.