*521 In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Martin, J.), entered December 30, 2008, as, upon an order of the same court dated May 30, 2007, granting the plaintiff’s application to preclude him from offering financial evidence at a hearing on equitable distribution, awarded the plaintiff a divorce on the ground of constructive abandonment and awarded the plaintiff certain equitable distribution.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff wife proffered sufficient evidence to support a finding that for a period of at least one year prior to the commencement of the divorce action, the defendant husband willfully and unjustifiably refused to engage in sexual relations with her despite her repeated requests (see Silver v Silver, 253 AD2d 756, 757 [1998]; Gunn v Gunn, 143 AD2d 393, 395 [1988]). Contrary to the husband’s claim, improperly raised for the first time on appeal (see Hwang v Tam, 72 AD3d 741 [2010]; Unger v Unger, 62 AD3d 986 [2009]; BTJ Realty, Inc. v Caradonna, 65 AD3d 657 [2009]), there was no evidence that the parties engaged in sexual relations within this period.
CPLR 3126 states that a court may sanction a party for willfully failing to comply with discovery, including precluding the party from “producing in evidence designated things or items of testimony” (CPLR 3126 [2]). “Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court” (Duncan v Hebb, 47 AD3d 871, 871 [2008] [internal quotation marks omitted]; see Byam v City of New York, 68 AD3d 798, 801 [2009]). Here, there was no evidence in the record showing that the Supreme Court improvidently exercised its discretion in issuing the order dated May 30, 2007, granting the wife’s application to preclude the defendant from offering financial evidence at the hearing on equitable distribution based on his willful failure to comply with discovery.
The trial court “is vested with broad discretion in making an equitable distribution of marital property” (Bossard v Bossard, 199 AD2d 971, 971 [1993]), and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (see Oster v Goldberg, 226 AD2d 515 [1996]). The trial court’s assessment of the credibility of wit *522 nesses is afforded great weight on appeal (see Jones-Bertrand v Bertrand, 59 AD3d 391 [2009]). Upon consideration of each party’s credibility and the particular facts presented in this case, including the defendant’s failure to comply with discovery demands for financial documentation, we perceive no basis for disturbing the trial court’s equitable distribution award (see Saleh v Saleh, 40 AD3d 617, 617-618 [2007]; Jones-Bertrand v Bertrand, 59 AD3d 391 [2009]).
The husband’s remaining contentions are either based on matter dehors the record or without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.