In an action, inter alia, to recover damages for tortious interference with contract, the defendant appeals from an order *848 of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated February 24, 2011, which granted that branch of the plaintiffs’ motion which was to appoint Fritz Pauyo as a receiver of her interest in Fito Taxi Service, Inc.
Ordered that the order is affirmed, without costs or disbursements.
In an order dated October 7, 2009, a Court Attorney Referee (hereinafter the Referee) determined, after a hearing, that certain documents transferring all outstanding shares of Fito Taxi Service, Inc. (hereinafter Fito Taxi), from the defendant Jocelyne A. Pauyo (hereinafter the former wife) to the plaintiff Fritz Pauyo (hereinafter the former husband) were not fraudulent and had been validly executed by the former wife. In an order dated May 13, 2010, the Referee granted that branch of the plaintiffs’ motion which was to direct the former wife to appear before the New York City Taxi and Limousine Commission (hereinafter the TLC) for the purpose of conducting a closing on the sale of the two medallions held in the name of Fito Taxi, to the former husband in accordance with the prior order dated October 7, 2009. Thereafter, the former wife failed to appear for a closing at the TLC and the plaintiffs moved, inter alia, to appoint the former husband as a receiver for the former wife’s interest in Fito Taxi to allow him to execute all documents necessary to effectuate a closing at the TLC in accordance with the prior orders of the court. In light of the former wife’s failure to appear for a closing at the TLC, it was proper for the Referee to appoint the former husband as a receiver to allow him to execute all documents required by the TLC to effectuate the transfer of Fito Taxi in accordance with the prior orders (see CPLR 5106; Trezza v Trezza, 32 AD3d 1016, 1017 [2006]; Stern v Stern, 282 AD2d 667, 668 [2001]).
The former wife’s requests that the former husband be required to swear an oath, post an undertaking, and provide an accounting are improperly raised for the first time on appeal (see Unger v Unger, 62 AD3d 986, 987 [2009]).
The former wife’s contentions regarding the Referee’s determination as to the validity of the documents transferring the shares of Fito Taxi from her to the former husband are not properly before this Court, as those issues were not decided in the order appealed from (see Campione v Alberti, 98 AD3d 706, 707 [2012]; Murray v City of New York, 43 AD3d 429, 430 [2007]; McKiernan v McKiernan, 277 AD2d 433, 434 [2000]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.