■ In the Matter of Joy Gartmond, Respondent, v Thomas Conway, Appellant. [57 NYS3d 431]—

Appeals by the father from (1) an amended order of the Family Court, Westchester County (Carol Ann Jordan, S.M.), entered October 21, 2015, (2) an order of that court (Michelle I. Schauer, J.), entered May 18, 2016, and (3) a second order of that court (Michelle I. Schauer, J.) entered May 18, 2016. The amended order entered October 21, 2015, directed the entry of a money judgment in favor of the mother and against the father in the sum of $20,000 for attorney's fees, plus costs and disbursements. The first order entered May 18, 2016, insofar as appealed from, denied the father's objections to the amended order entered October 21, 2015, and granted the father's objections to an amended order of that court (Carol Ann Jordan, S.M.), entered December 15, 2015, only to the extent of reducing the child support arrears payable to the mother by the father from the sum of $47,797.82 to the sum of $43,797.82. The second order entered May 18, 2016, directed the entry of a money judgment in favor of the mother and against the father in the sum of $43,797.82 for child support arrears, plus costs and disbursements.

Ordered that the order entered October 21, 2015, and the second order entered May 18, 2016, are affirmed; and it is further,

Ordered that the first order entered May 18, 2016, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the mother.

The father and the mother, who never married, are the parents of a child born in 2004. On a prior appeal by the father, this Court reduced his child support obligation and found that he was obligated to pay "49% of the expenses for child care, including but not limited to nursery school, day camp, and home child care" (*Matter of Gartmond v Conway*, 54 AD3d 952, 955 [2008]). In April 2011, the mother filed a petition seeking to enforce so much of this Court's decision and order as directed the father to pay 49% of expenses for child care. In an order entered March 9, 2012 (hereinafter the 2012 order), the Family Court (Nilda Morales Horowitz, J.) denied the father's objections to the Support Magistrate's prehearing discovery rulings. The father's appeal from the 2012 order was dismissed for failure to perfect.

In findings of fact dated March 13, 2013 (hereinafter the 2013 findings of fact), the Support Magistrate (Carol A. Jordan, S.M.) found that the father was not entitled to a credit for overpayment of his child support obligation, that the mother should be awarded the sum of $43,797.82 in arrears for child care related expenses, and that she should be awarded the

sum of $20,000 in attorney's fees. Based upon the 2013 findings of fact, the Support Magistrate issued two orders directing the entry of money judgments, one for arrears and the other for attorney's fees. The father filed objections to the 2013 findings of fact and the orders directing the entry of money judgments. In an order entered September 5, 2013 (hereinafter the 2013 order), the Family Court (Nilda Morales Horowitz, J.) denied the father's objections except to the extent of remitting the matter to the Support Magistrate for the sole purpose of issuing amended orders correcting certain ministerial errors. The father did not appeal from the 2013 order.

Thereafter, by amended order entered October 21, 2015, the Support Magistrate directed the entry of a money judgment for attorney's fees, and by an amended order entered December 15, 2015, directed the entry of a money judgment for arrears. The father filed objections to both amended orders, which were essentially the same objections previously denied in the 2012 and 2013 orders. In an order entered May 18, 2016, the Family Court denied his objections on the ground that they had already been addressed by the Family Court. However, the Family Court granted the father's objection to the amended order entered December 15, 2015, to the extent of reducing the amount of child support arrears owed by the father, because the Support Magistrate had not followed the direction in the 2013 order to correct a ministerial error by reducing the child support arrears from the sum of $47,797.82 to the sum of $43,797.82. In a second order, also entered May 18, 2016, the Family Court directed the entry of a money judgment correcting that ministerial error. The father appeals from the amended order entered October 21, 2015, and the orders entered May 18, 2016.

The father's contentions on appeal, which raise the same issues as his objections, are not properly before this Court, as the merits of those objections were not decided in the orders appealed from (see Pauyo v Pauyo, 102 AD3d 847, 848 [2013]; Campione v Alberti, 98 AD3d 706, 707 [2012]; Murray v City of New York, 43 AD3d 429, 430 [2007]; McKiernan v McKiernan, 277 AD2d 433, 434 [2000]). We further note that the Family Court properly declined to consider the merits of the father's objections on the ground that they had already been addressed by the Family Court (see Hampton Val. Farms, Inc. v Flower & Medalie, 40 AD3d 699, 701 [2007]; Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2006]) in the 2013 order, from which the father did not take an appeal. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.