Matter of Kirton (2025 NY Slip Op 01636)

Matter of Kirton

2025 NY Slip Op 01636

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04509

[*1]In the Matter of Germaine Kirton, Deceased. Brian Morris, etc., appellant; Housing Urban Development, LLC, respondent-respondent, et al., respondent. (File No. 121/20)

Law Office of Oshrie Zak, P.C., New York, NY (Charles Brody and Luis Sepulveda of counsel), for appellant.
Ginsburg & Misk LLP, Queens Village, NY (Christopher Ryan Clarke of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding for the administration of the estate of Germaine Kirton, in which Brian Morris, as administrator of the estate, petitioned pursuant to SCPA 2103 for the turnover of certain property and funds on behalf of the estate, Brian Morris appeals from an order of the Surrogate's Court, Kings County (Bernard J. Graham, S.), dated March 17, 2023. The order stayed the proceeding pending resolution of an action entitled Housing Urban Dev., LLC v Morris, pending in the Supreme Court, Kings County, under Index No. 502449/14.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The decedent, Germaine Kirton, died in 1990. In 2014, Housing Urban Development, LLC (hereinafter HUD), commenced an action to quiet title (hereinafter the quiet title action) to certain real property located in Brooklyn (hereinafter the property), which was previously owned by the decedent and her husband, who predeceased her. In early 2020, the Surrogate's Court appointed Brian Morris, the decedent's nephew, as the temporary administrator of her estate solely for the purpose of representing the interests of the estate in the quiet title action. Later that year, the court issued letters of administration appointing Morris the administrator of the estate. Morris, as the administrator of the estate, subsequently commenced this proceeding pursuant to SCPA 2103 against HUD, among others, for the turnover of the property and certain related funds to the estate. By order dated March 17, 2023, the court stayed this proceeding pending resolution of the quiet title action. Morris appeals, and we affirm.
Morris's arguments on appeal relate solely to alleged errors made by the Surrogate's Court in a related proceeding he commenced in August 2022 pursuant to SCPA 2113 to determine the rights of the decedent's distributees to the property. Since the order appealed from did not [*2]determine the issues complained of, or any issues relating to the SCPA 2113 proceeding, Morris's contentions are not properly before this Court on appeal (see Garanin v Hiatt, 219 AD3d 960, 961; Matter of Padin v Padin, 103 AD3d 729, 730; Murray v City of New York, 43 AD3d 429, 430).
CHAMBERS, J.P., BRATHWAITE NELSON, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court