Carpincho, J.
Appeal from three orders of the Supreme Court (Ceresia, Jr., J.), entered September 27, 2002 in Rensselaer County, which, inter alia, granted defendant’s motion to enforce the terms of a separation agreement.
Flaintiff commenced an action for divorce in 2001, and the parties subsequently negotiated the division of their only significant marital assets, namely, plaintiff’s pension and deferred compensation plans. The parties, after consultation with their respective attorneys, executed a separation agreement that purportedly provided for the distribution of the pension plan in accordance with the formula set forth in Majauskas v Majauskas (61 NY2d 481 [1984]). Significantly, the agreement included a number of handwritten changes to a typed draft. With respect to the pension plan, the original draft provided that the numerator of the Majauskas fractional formula would be the number of months that plaintiff was employed under the retirement plan “during the marriage.” The handwritten change, initialed by both parties, deleted this phrase and redefined the numerator to encompass the total number of months that plaintiff was employed under the plan up to the commencement of the divorce action. Since plaintiff had been employed for more than 10 years prior to the parties’ marriage, this change was significant in that it gave defendant a much larger share of plaintiffs pension than the traditional Majauskas formula.
*877 The separation agreement was incorporated but not merged into a judgment of divorce. Plaintiff subsequently prepared a proposed domestic relations order that set the Majauskas numerator as the number of months of plaintiffs employment during the marriage up to the commencement of the divorce action. Defendant, in turn, prepared an alternate domestic relations order using a numerator based upon the total number of months of plaintiffs employment both predating and during the parties’ marriage. When the parties could not resolve this dispute, defendant brought the instant motion to enforce the terms of the separation agreement. Supreme Court rejected plaintiffs extrinsic evidence regarding the parties’ alleged intentions and found that the pension provision unambiguously encompassed plaintiff’s total employment before the filing of the action for divorce, not just the employment during the marriage. The court granted defendant’s motion, and plaintiff appeals.
We affirm. The argument presented by plaintiff on appeal is that defendant’s counsel fraudulently induced plaintiffs counsel to alter the original pension plan provision of the draft separation agreement by representing that the change was “semantical and not substantive.” To be sure, a separation agreement is properly set aside if it was induced by fraud (see Christian v Christian, 42 NY2d 63, 72 [1977]; Wisniewski v Cairo, 305 AD2d 788, 789 [2003]; Sheridan v Sheridan, 202 AD2d 749, 751 [1994]). As with any fraud claim though, the proponent must establish “(1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages” (Rosario-Suarz v Wormuth Bros. Foundry, 233 AD2d 575, 578 [1996]; see Sherman v Eisenberg, 267 AD2d 29, 31 [1999], lv dismissed 94 NY2d 899 [2000]). In addition, “[w]hen a party is represented by counsel, subsequent allegations of fraud are generally unpersuasive” (Van Wie v Van Wie, 124 AD2d 353, 355 [1986]).
Here, the record fails to establish that defendant or her counsel misrepresented the import of the handwritten change in the pension provision. Plaintiff argues that the change at issue was in fact suggested, and misrepresented, by defendant’s counsel. Defendant’s counsel, however, submitted an affirmation asserting that plaintiff’s counsel requested the subject change, that her client understood that the change was advantageous to her and that the result was not unreasonable “in light" of her agreement to forego any other equitable distribution and spousal maintenance.” Even if any misrepresentation occurred, plaintiff’s bare allegations are insufficient to establish the remaining elements of fraud. Notably, he offered no evidence, *878 other than conclusory assertions, to show that defendant or her counsel intentionally deceived him. Further, we see no justifiable basis for his reliance on any alleged misrepresentations inasmuch as the effect of the new term could have been discerned through the exercise of ordinary intelligence (see McGovern v Best Bldg. & Remodeling, 245 AD2d 925, 927-928 [1997]; Cohen v Colistra, 233 AD2d 542, 543 [1996]).
Mercure, J.P, Feters, Spain and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.