■ IONICA LAZAR, Respondent, v OVIDIU LAZAR, Appellant. [931 NYS2d 517]—

The parties in this case entered into a comprehensive written stipulation of settlement (*see* CPLR 2104; *Nordgren v Nordgren*, 264 AD2d 828, 829 [1999]). Where, as here, the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument (*see Micciche v Micciche*, 62 AD3d 673 [2009]). A stipulation which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Rubin v Rubin*, 33 AD3d 983, 984 [2006]).

Here, the defendant's conclusory and unsubstantiated assertions that the stipulation was the result of fraud, duress, overreaching, or unconscionability were inadequate to render the stipulation unenforceable (*id.* at 984). Moreover, the stipulation was not so manifestly unfair on its face as to be unconscionable, given the "meaningful benefits" received by the defendant (*Etzion v Etzion*, 62 AD3d 646, 654 [2009]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to stay the signing of the parties' judgment of divorce on the ground that the stipulation should be vacated or modified. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.