■ HARRY SABOWITZ, Appellant, v ILANA SABOWITZ, Respondent. [999 NYS2d 80]—

In an action to set aside a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Kings County (Prus, J.), dated June 27, 2012, which granted the defendant's motion for summary judgment dismissing the complaint and on her counterclaim, and denied the plaintiff's cross motion for leave to amend the complaint and reply.

Ordered that the order is affirmed, with costs.

The parties were married in 1974. There are two children of the marriage. In January 2003, the defendant commenced an action for a divorce and ancillary relief. On or about January 30, 2003, the parties entered into a stipulation of settlement (hereinafter the Stipulation), wherein the plaintiff received $100,000 from the defendant and the defendant assumed $31,500 of the plaintiff's debt. The plaintiff waived his interest in certain real property and agreed to transfer his 50% interest in Leyte Taxi, Inc. (hereinafter Leyte Taxi), to the parties' daughters. The parties obtained a judgment of divorce dated June 20, 2003.

On or about September 14, 2010, the plaintiff commenced this action to set aside the Stipulation, alleging fraud, duress, overreaching, and unconscionability. The defendant asserted a counterclaim seeking to enforce the term of the Stipulation relating to the transfer of the plaintiff's interest in Leyte Taxi to the parties' daughters.

Thereafter, the defendant moved for summary judgment dismissing the complaint and on her counterclaim. The plaintiff cross-moved for leave to amend his complaint and reply. The Supreme Court granted the defendant's motion, and denied the plaintiff's cross motion.

" 'Stipulations of settlement are favored by the courts and are not lightly set aside' " (*Campione v Alberti*, 98 AD3d 706, 706 [2012], quoting *Bruckstein v Bruckstein*, 271 AD2d 389, 390 [2000]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). A stipulation of settlement is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law (*see Matter of Kalman v Kalman*, 300 AD2d 487, 488 [2002]). "Judicial review is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own" (*Doukas v Doukas*, 47 AD3d 753, 754 [2008]; *Brennan-Duffy v Duffy*, 22 AD3d 699, 700 [2005]). " '[A] stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability' " (*Rubin v Rubin*, 33 AD3d 983, 984 [2006], quoting *Brennan-Duffy v Duffy*, 22 AD3d 699, 699 [2005]).

Here, the defendant established her prima facie entitlement to judgment as a matter of law by submitting, inter alia, the Stipulation, which contained an express representation that it was not a product of fraud or duress and which awarded the plaintiff meaningful benefits, as well as her affidavit wherein she averred that the parties' attorneys were engaged in negotiations for months regarding the distribution of marital assets (*see O'Hanlon v O'Hanlon*, 114 AD3d 915, 916 [2014]; *Lazar v Lazar*, 88 AD3d 852 [2011]; *Schultz v Schultz*, 58 AD3d 616 [2009]; *Rubin v Rubin*, 33 AD3d at 984; *Morad v Morad*, 27 AD3d 626 [2006]). Furthermore, the defendant established that the plaintiff ratified the Stipulation and waived his claim to set aside the Stipulation by accepting the benefits of the Stipulation for a significant period of time (*see Cotton v Cotton*, 76 AD3d 1041, 1042 [2010]; *Cosh v Cosh*, 45 AD3d 798, 800 [2007]; *Weissman v Weissman*, 42 AD3d 448 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to demonstrate that the alleged duress

continued through the period during which the contract was effective and fully performed by the plaintiff or that his failure to promptly challenge the agreement was the result of continuing duress (*see Cosh v Cosh*, 45 AD3d at 801). The plaintiff's assertions of fraud, duress, overreaching, and unconscionability were conclusory and unsubstantiated, and inadequate to raise a triable issue of fact (*see Lazar v Lazar*, 88 AD3d 852 [2011]; *Rubin v Rubin*, 33 AD3d at 984; *see also Morad v Morad*, 27 AD3d at 627-628; *Cosh v Cosh*, 45 AD3d at 800). A mere unequal division of assets is insufficient to establish unconscionability (*see Cosh v Cosh*, 45 AD3d at 799; *Morand v Morand*, 2 AD3d 913, 915 [2003]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and on her counterclaim.

Under the circumstances, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint and reply (*see* CPLR 3025 [b]; *Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]).

The parties' remaining contentions are without merit, academic, or not properly before this Court. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated June 27, 2012, inter alia, to strike stated portions of the appellant's main brief on the ground that they contain or refer to matters dehors the record. By decision and order on motion of this Court dated August 26, 2013, as amended by decision and order on motion of this Court dated August 30, 2013, that branch of the motion was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record is granted, and those portions of the appellant's brief referring to matter dehors the record which are listed as items "a." through "c." in paragraph 20, item "d." in paragraph 21, and the italicized portion in paragraph 23 of the affirmation in support of the motion by Elliot S. Martin dated July 26, 2013, are deemed stricken and

have not been considered on appeal. Mastro, J.P., Roman, Miller and Maltese, JJ., concur. 