Suchow v Suchow (2018 NY Slip Op 00049)





Suchow v Suchow


2018 NY Slip Op 00049


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524087

[*1]PAUL B. SUCHOW, Appellant,
v
MARGARET SUCHOW, Respondent.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for appellant.
Margaret Suchow, Gansevoort, respondent pro se.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of Supreme Court (Chauvin, J.), entered October 12, 2016 in Saratoga County, which denied plaintiff's motion for summary judgment.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in June 1982, and in 2012 the parties, with their respective counsel, executed a separation agreement to, among other things, divide their assets. In February 2015, the husband commenced this action seeking a judgment of divorce and to have the parties' separation agreement incorporated into the final divorce decree. The wife, proceeding pro se, filed several responsive pleadings challenging the validity of the separation agreement on fraud and duress grounds. Thereafter, the husband moved for summary judgment, which was
denied by Supreme Court, finding that questions of fact existed as to whether the separation agreement was the product of fraud or duress. The husband appeals and we reverse.
When a summary judgment motion is made seeking a divorce decree incorporating a separation agreement, the movant meets his or her prima facie burden by offering an agreement that contains a representation that it was not the product of fraud or duress, awards meaningful benefits to the other spouse and establishes that the distribution of marital assets was derived through substantive negotiations between counsel (see Sabowitz v Sabowitz, 123 AD3d 794, 795 [2014]). Here, the parties agreed upon the separation agreement after at least 11 months of extensive and detailed negotiations, during which both parties were represented by counsel as well as assisted by a social worker who helped facilitate negotiations in reaching a settlement. [*2]The agreement recited that each party entered into it freely and voluntarily and without the use of coercion, fraud, duress or undue influence. The agreement provided the wife with meaningful benefits in the form of four vehicles, property in Las Vegas and a total distributive award of $570,000, $405,000 of which was to be remitted upon signing the agreement with the remainder to be paid by scheduled payments. The husband fully complied with these payments and, notably, the wife did not begin contesting the validity of the agreement until all such payments were received. Therefore, absent fraud or duress, the wife ratified the agreement and is estopped from challenging it (see Hadi v Hadi, 34 AD3d 1153, 1154 [2006]; see also Kessler v Kessler, 89 AD3d 687, 688 [2011]; Boyle v Burkich, 245 AD2d 609, 610 [1997]). Under these facts, as the husband amply demonstrated his prima facie entitlement to summary judgment (see Gardella v Remizov, 144 AD3d 977, 979-980 [2016]; Sabowitz v Sabowitz, 123 AD3d at 795), the burden shifted to the wife to prove fraud or duress.
"A separation agreement may be set aside based on evidence of one party's overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it" (Marin-Brown v Brown, 79 AD3d 1302, 1303 [2010] [internal quotation marks and citations omitted]). To prove fraud, "the proponent must establish (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages" (Shultis v Reichel-Shultis, 1 AD3d 876, 877 [2003] [internal quotation marks and citation omitted]). "[T]o prove legal duress, a party must adduce evidence that a wrongful threat precluded the exercise of the party's free will" (Adalian v Stuyvesant Plaza, 288 AD2d 789, 790 [2001] [internal quotation marks and citation omitted]).
The wife's fraud claim centers around certain tax forms prepared and filed by the husband, an accountant, during their marriage. Specifically, the wife claims that various sources of income for their 2009 and 2010 joint tax returns were either overstated or understated, which made it impossible to get an accurate understanding of the husband's true income, and thus frustrated her ability to negotiate the separation agreement. Months before executing the separation agreement, the wife filed a tax fraud claim with the Internal Revenue Service, which then conducted a field audit and ultimately found no improprieties, except one minor error. As such, the wife offers, at best, unsubstantiated, conclusory and speculative claims that are not supported by the record. Moreover, the record reveals that the wife was well aware of these issues and raised them numerous times before she agreed to sign the separation agreement and, therefore, she could not have justifiably relied on alleged fraudulent representations (see Shultis v Reichel-Shultis, 1 AD3d at 877-878). The wife also asserts fraud on the ground that two separate appraisals obtained by the husband were fraudulent as they were significantly less than one obtained by the wife. This claim is palpably without merit as the issue simply distills to an acknowledged disagreement over differing appraisals, and there has been no proof of misrepresentation, scienter or reliance.
The wife's duress claim is equally without merit. The wife alleges that, while shopping for real estate with the husband, she signed a contract to purchase a home based upon the husband's representation that he would pay the down payment and service the mortgage for two years and, shortly thereafter, he severed all communication, leaving her without funds to consummate the purchase and financially responsible to pay the real estate commission. Even in a light most favorable to the wife, these allegations are insufficient to constitute duress as a matter of law, since they do not show a threat of any kind (see Lyons v Lyons, 289 AD2d 902, 903-905 [2001], lv denied 98 NY2d 601 [2002]). As the wife failed to raise triable issues of fact, summary judgment should have been granted to the husband.
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, plaintiff's motion for summary judgment granted and matter remitted to the Supreme Court for entry of a final judgment of divorce.