Many v Many (2018 NY Slip Op 06893)





Many v Many


2018 NY Slip Op 06893


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-05169
 (Index No. 54588/14)

[*1]Tricia Many, respondent, 
v
Scott Many, appellant.


D'Agostino Law Office, P.C., Pleasantville, NY (Charles A. D'Agostino of counsel), for appellant.



DECISION & ORDER
In a matrimonial action, the father appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated March 31, 2016. The order, insofar as appealed from, denied those branches of the father's motion which were to modify the parties' stipulation of settlement dated September 12, 2016, and for an award of counsel fees.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced in 2012. There are three children of the marriage, now ages 19, 16, and 14. In September 2016, the parties entered into a stipulation of settlement that resolved, inter alia, outstanding issues of child support. As relevant to this appeal, the stipulation of settlement provided that the mother, who had physical custody of the children, would pay 70% of the costs of any extra-curricular activities that the children were enrolled in or had participated in on a regular basis prior to the agreement, and of any new activities upon which the parties agreed. In January 2017, the father moved, inter alia, to modify the stipulation of settlement so as to grant him "final decision making authority" as to which extra-curricular activities were subject to the expense sharing provision of the stipulation of settlement, and for an award of counsel fees on the motion. In an order dated March 31, 2017, the Supreme Court, among other things, denied the father's motion. The father appeals from so much of the order as denied those branches of his motion which were to modify the stipulation of settlement and for an award of counsel fees.
"A stipulation of settlement is an independent contract binding on the parties" (Sabowitz v Sabowitz, 123 AD3d 794, 795; see Gray v Pashkow, 79 NY2d 930, 932; Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Rainbow v Swisher, 72 NY2d 106, 109). "A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Linder v Linder, 297 AD2d 710, 711; see Christian v Christian, 42 NY2d 63, 71-72; Sabowitz v Sabowitz, 123 AD3d 794, 795; Strangolagalli v Strangolagalli, 295 AD2d 338). Here, the father failed to establish the existence of any ground to modify the subject provision of the stipulation of settlement.
Contrary to the father's contention, he was not entitled to an award of counsel fees under the stipulation of settlement or the Domestic Relations Law (cf. Domestic Relations Law § 237[c]).
Accordingly, we agree with the Supreme Court's denial of those branches of the father's motion which were to modify the stipulation of settlement and for an award of counsel fees.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court