McCaul v McCaul (2020 NY Slip Op 00267)





McCaul v McCaul


2020 NY Slip Op 00267


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-11771
 (Index Nos. 2020/12, 58523/15)

[*1]Marguarita McCaul, appellant,
v
Patrick Noel McCaul, respondent. (Action No. 1.)
Marguarita McCaul, appellant,
v
Patrick Noel McCaul, respondent. (Action No. 2.)


David I. Grauer, White Plains, NY, for appellant.
Robinowitz, Cohlan, Dubow & Doherty, LLP, White Plains, NY (Bruce Minkoff of counsel), for respondent.



DECISION & ORDER
In related actions for a divorce and ancillary relief, and to vacate a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated October 3, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint in the action to vacate the stipulation of settlement, and granted the defendant's separate motion to enforce the stipulation to the extent of directing that the sum of $27,969 be released from escrow and paid to the defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were divorced by a judgment entered April 29, 2014. A stipulation of settlement dated April 1, 2014, was incorporated but not merged into the judgment. In May 2015, the plaintiff in the divorce action commenced a plenary action to vacate the stipulation of settlement on the grounds of fraud, undue influence, coercion, and unconscionability. The defendant moved for summary judgment dismissing the complaint in the plenary action and separately moved to enforce the stipulation of settlement by, inter alia, directing the plaintiff to comply with the provision requiring reimbursement to the defendant for certain repairs made to the marital residence. The order appealed from granted the defendant's motion for summary judgment dismissing the complaint in the plenary action, and granted the defendant's separate motion to enforce the stipulation to the extent of directing that the sum of $27,969 be released from escrow and paid to the defendant. We affirm.
" A separation agreement in a divorce proceeding may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable, or there exists fraud, collusion, mistake, or accident' (Frank v Frank, 260 AD2d 344, 345; see Christian v Christian, 42 NY2d 63). Separation agreements may be set aside [as unconscionable] if their terms evidence a bargain so inequitable that no reasonable and competent person would have [*2]consented to it' (Bright v Freeman, 24 AD3d 586, 588; see Christian v Christian, 42 NY2d at 71; Yuda v Yuda, 143 AD2d 657, 658)" (Pippis v Pippis, 69 AD3d 824, 824-825).
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint in the plenary action which sought to vacate the stipulation of settlement, by submitting evidence that the plaintiff was represented by independent counsel in the divorce action, the parties engaged in financial disclosure in the divorce action, the plaintiff received substantial benefits pursuant to the stipulation of settlement, and the stipulation of settlement recites that it was entered into freely, knowingly, and voluntarily, and that the parties had not been threatened or coerced into entering into it (see McFarland v McFarland, 70 NY2d 916, 917; Sabowitz v Sabowitz, 123 AD3d 794, 795; Schultz v Schultz, 58 AD3d 616, 617). Moreover, the evidence of the meaningful benefits to which the plaintiff was entitled pursuant to the stipulation of settlement established that it is not unconscionable (see Morad v Morad, 27 AD3d 626, 627).
In response to that showing, the plaintiff's conclusory and unsubstantiated claims were insufficient to raise a triable issue of fact (see Sabowitz v Sabowitz, 123 AD3d at 796). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint in the action to set aside the stipulation of settlement.
Further, the defendant established his entitlement to the release to him from escrow of the sum of $27,969 for repairs he made to the marital residence. In opposition, the plaintiff failed to submit sufficient evidence to refute the defendant's evidence. Accordingly, we also agree with the Supreme Court's determination to grant the defendant's motion to enforce the stipulation of settlement by directing the release of those funds from escrow.
SCHEINKMAN, P.J., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court