Tsikhiseli v Colombo (2024 NY Slip Op 02075)

Tsikhiseli v Colombo

2024 NY Slip Op 02075

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-02878
 (Index No. 606057/19)

[*1]Vasil Tsikhiseli, appellant, 
v
Loreta Colombo, respondent.

Goodman Jurist & Pandolfo, LLP, Garden City, NY (Howard Jurist of counsel), for appellant.
Jason M. Barbara & Associates P.C., New Hyde Park, NY (Debora Shamoilia of counsel), for respondent.

DECISION & ORDER
In an action to set aside a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 18, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2019, the plaintiff commenced this action to set aside a stipulation of settlement dated November 7, 2017 (hereinafter the stipulation), which was incorporated but not merged into the parties' judgment of divorce. Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the complaint. In an order dated March 18, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross-motion. The plaintiff appeals.
"'Stipulations of settlement are favored by the courts and are not lightly set aside'" (Sabowitz v Sabowitz, 123 AD3d 794, 795, quoting Campione v Alberti, 98 AD3d 706, 706 [internal quotation marks omitted]). "'[A] stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Cohen v Cohen, 170 AD3d 948, 949, quoting Sanfilippo v Sanfilippo, 137 AD3d 773, 774; see Christian v Christian, 42 NY2d 63, 72-73). "'A stipulation . . . will not be vacated simply because a party, after the fact, believes that the agreement was improvident in some respect or that it constituted a bad bargain'" (Cohen v Cohen, 170 AD3d at 949, quoting Turk v Turk, 276 AD2d 953, 955).
Here, the defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence showing that the stipulation was fair on its face, by which the plaintiff received meaningful benefits; that the stipulation was entered into after months of discussions between the parties; and that the stipulation provided that the parties entered into the stipulation [*2]"freely, voluntarily and after due consideration of the consequences of doing so" and that each party was "fully informed of the income, assets, property and financial prospects of the other" (see McCaul v McCaul, 179 AD3d 785, 786; Sabowitz v Sabowitz, 123 AD3d at 795). Moreover, the defendant submitted the plaintiff's deposition testimony, during which the plaintiff acknowledged that he accepted the terms of the stipulation after the parties "negotiated" and that "what [the defendant] offered was fine for [him]." In opposition to the defendant's prima facie showing, the plaintiff's conclusory and unsubstantiated claims were insufficient to raise a triable issue of fact as to overreaching or unconscionability (see McCaul v McCaul, 179 AD3d at 786; Ricca v Ricca, 57 AD3d 868, 869). Further, "[t]he fact that the plaintiff was not represented by independent counsel when the [stipulation] was executed does not, without more, establish overreaching or require automatic nullification of the [stipulation]," especially since the stipulation provided that the plaintiff was entitled to obtain the advice of independent counsel of his own selection (Brennan v Brennan, 305 AD2d 524, 525; see Hershkowitz v Levy, 190 AD3d 835, 837).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court